WEED and another, executors of *Jonas Weed, against* BISHOP :

IN ERROR.

In an action of book debt, the plaintiff is not a competent witness to prove an
acknowledgment and promise of the defendant, to take the case out of the
statute of limitations.

The admission of illegal evidence, which might have influencd the triers in *Fairfield,*
their decision, is ground of error, though it may not appear, that it had in June, 1828.
fact, any influence.

Weed
*v.*
Bishop.

An action of book debt, pending in the superior court, was
referred to auditors.    An award was made, and returned to
court and accepted.    A remonstrance was filed, by the de-
fendants, (plaintiffs in error,) to the acceptance of the report,
wherein it appeared, that before the auditors, the plaintiff
(defendants in error) offered in evidence his book, and that it
thereby appeared, that about 50 dollars of the account demand-
ed had been charged more than eight years before the com-
mencement of the suit.    The defendants interposed the stat-
ute of limitations.    To remove this objection, the plaintiff of-
fered himself as a witness, to testify, that the defendants' tes-
tator, while living, and within six years, had acknowledged the
debt, and promised to pay it.    The defendants objected to this
proof, insisting, that the party in book debt could not, by law,
testify to that fact.    The auditors overruled the objection, and
admitted the testimony.    The plaintiff, in answer to this re-
monstrance, alleged, that the testator, in and by his last will,
duly proved and approved since his death, directed, that all his
just debts and funeral expenses should be paid out of his es-
tate ; and hence insisted, that the debt in question was thereby
revived.    The court accepted the award, and judgment was
rendered for the plaintiff.    The defendants then brought the
present writ of error, to reverse that judgment.

*Bissell,* for the plaintiffs in error, contended, 1.    That the
plaintiff was not a competent witness to prove an admission of
the testator, to revive a debt barred by the statute of limita-
tions.    The statute concerning book debts is in derogation
of the common law ; it is founded on the supposed necessity
of the case ; and it is not to be extended, by construction, to
cases where no such necessity exists.    No case has gone far-
ther in admitting the testimony of the party in book debt than
*Bryan* v. *Jackson,* 4 *Conn. Rep.* 288. ; but that case limits it to
*the support or confutation of the account.*    Thus far the rea-
son of the statute may extend.    Thus far the book is a check
upon the witness.    But, in this case, the correctness of the ac-
count was not in controversy.    The testimony was directed

*Fairfield*
June, 1828.

Weed
*v.*
Bishop.

neither to its support, nor to its confutation ; but to remove the bar to a recovery which the statute interposed.

2. That a clause in a will directing the just debts of the testator to be paid, does not revive a debt barred by the statute of limitations. *Baxter* v. *Penniman*, 8 *Mass. Rep.* 134. *Lord* v. *Shaler*, 3 *Conn. Rep.* 134. *Bangs* v. *Hall*, 2 *Pick.* 374. *Marshall* v. *Dalliber*, 5 *Conn. Rep.* 486. *Clementson* v. *Williams*, 8 *Cranch* 72. 2 *Stark. Ev.* 895. n. *Hellings* v. *Shaw*, 7 *Taun.* 608. *Beale* v. *Nind*, 4 *Barn. & Ald.* 568. *Anon.* 1 *Salk.* 154. Executors of *Fergus* v. *Gore*, 1 *Sch. & Lef.* 107· Ex parte *Dewdney*, 15 *Ves.* 479. *Burke* v. *Jones*, 2 *Ves. & Bea.* 275 *Roosevelt* v. *Mark*, 6 *Johns. Chan. Rep.* 266. 293. *Smith* v. *Porter* & al. 1 *Binn.* 209.

*Hawley*, for the defendant in error, contended, 1. That a general provision in a will for the payment of the testator's debts, takes the case out of the statute of limitations. *Loveless on Wills*, 203. *Toll. L. Ex.* 288. *Trueman* v. *Fenton, Cowp.* 548. The words " to be paid out of my estate," create a devise for the payment of debts. 1 *Madd. Chan.* 483, 4. This is a debt in conscience ; and the court will not allow a man to sin in his grave.

2. That the plaintiff in book debt is a competent witness to testify to an acknowledgment of indebtedness, or a promise to pay, by the defendant ; and it makes no difference whether the account be more than six years old, or not ; nor whether the statute of limitations be in the way, or not. The statute provision on this subject is expressed in the most comprehensive terms ; that " in *all actions* of debt on book," " the evidence of the *parties* and of *any other persons interested*," " may be admitted." *Stat.* 93. *tit.* 9. *s.* 1 The plaintiff is, at any rate, competent to prove the *origin* of the indebtedness, and its *continued existence* at any time. This evidence is clearly within the rule in *Bryan* v. *Jackson*, 4 *Conn. Rep.* 292. It relates to the *book debt*, shewing its *present existence*.

3. That the judgment ought not to be reversed, because the plaintiffs in error have not shewn, that they have sustained any injury, by the admission of the evidence. It does not appear, that it influenced the auditors in making up their award ; or that the award embraced any part of the account in controversy. None but a party *aggrieved* can sustain a writ of error ; and he must shew clearly, that he is aggrieved. 2 *Tidd* 774. 1030. 1073.

DAGGETT, J. It is understood that the judge at the circuit *Fairfield,* ruled both the points in the case in favour of the plaintiff. As <span>June, 1828.</span> the question whether such a clause in a will can revive a debt, against which the statute of limitations has run, is to be raised, <span>Weed<br>*v.*<br>Bishop.</span> and argued, and definitively settled, in the case of *Peck* v. *Botsford,* (a), to be decided this term, I forbear now to express an opinion upon it, especially as the other point arising on this record is sufficient, in my opinion, to reverse the judgment. That point only, therefore, will be considered.

Is the plaintiff in an action of debt by book a competent witness to prove an acknowledgment and promise to take a debt out of the statute of limitations? The judgment is attempted to be vindicated, on the ground that the statute on this subject, in general terms, authorized the admission of the evidence of the parties and of other *persons interested.*

In construing this statute, it is to be borne in mind, that so far as the parties are permitted to testify *at all,* it is a departure from a plain rule of the common law,—that no person shall be a witness in his own cause. In the construction of this statute, thus adopting a principle repugnant to the general rule of the common law, it has never been judged before, that a party was a competent witness to any fact which might come under examination. This exception to the general rule has been construed with some limitation, according to maxims applicable to statutes in derogation of the common law. It is true, no precise rule as to the extent to which a party may testify, has been established; but there is no authority for saying that he is an unlimited witness. In *Phenix* v. *Prindle, Kirby* 209. a very great judge expresses the following opinion on the point how far the testimony of a party might be received in the action of debt by book:—"Regularly, it goes no farther than to the quantity, quality, and delivery of the articles charged." Were this a new question, perhaps such a limitation might be well adopted, as comporting with the necessity for the departure from the common law; but it is not to be concealed, that a more extended construction has been given to the statute.

In the late case of *Bryan* v. *Jackson,* 4 *Conn. Rep.* 288. the court went as far in allowing the testimony of the party, as in any former case reported. It is understood, that some general expressions in the opinion of the Chief Justice, have been pressed into an authority for making the party an unlimited

(a) *Vide post.*

*Fairfield,*
June, 1828.

Weed
*v.*
Bishop.

witness.   The opinion warrants no such conclusion.   On the contrary, it is limited thus : " \\ here proper articles are charged on book, the parties, *quoad the book debt*, are admissible, like all other witnesses, to testify freely and fully, in *support* or *confutation of the account.*"   It would be doing violence to the language employed, to say, that it is hence to be implied, that a party may testify on an issue formed on a *release* or *tender* pleaded ; nor within the knowedge of the court has such a principle ever been recognized.   Testimony on such issues, surely, is not " *quoad the book debt*," nor in " *support or confutation of the account.*"   The testimony in this cause was not in *support of the book debt*, but to do away the effect of a beneficial statute, positively declaring it barred.

The evidence, then, was illegal; it might have influenced the auditors to allow the charge; and therefore, the judgment is erroneous.

HOSMER, Ch. J. was of the same opinion.

LANMAN, J., dissented ; thinking, that the statute had made the party a witness, and that it was not competent to the court to exclude him.

BRAINARD and PETERS, Js., having been absent when the case was argued, gave no opinion.

Judgment reversed.