BACON *against* BROWN.

If a tenant under a lease for a year, holds over, after the expiration of the term, he holds for the time and on the terms of the original lease, and is responsible for the rent accordingly, unless the landlord relinquishes his claim on such tenant, or accepts some other person as his tenant.

If the tenant permits a third person to occupy the premises, in the absence of any recognition by the landlord, it is equivalent to his personal occupancy, and is followed by the same consequences.

If a tenant, during the continuance of his tenancy, abandons the possession of the premises, without the assent of the landlord, he is as much responsible for the rent as though he had continued his occupancy.

New-Haven,
July, 1832.

Bacon
v.
Brown.

Divers matters relied upon as evidence of a discharge, by the landlord, of his claim on the tenant for rent, or a recognition of some other person as his tenant, considered, and held to be insufficient to establish either of these facts.

THIS was an action of *assumpsit* for the use and occupation of a store in *New-Haven*, with the appurtenances. The plaintiff claimed to recover for two quarter's rent, from the 20th of *June*, 1830, to the 20th of *December* in the same year, at the rate of 200 dollars *per annum*, deducting therefrom for the use of the cellar of the store, 18 dollars, 75 cents.

The cause was tried at *New-Haven*, *January* term, 1832, before *Daggett*, J.

In support of his claim, the plaintiff exhibited in evidence a lease of the premises to the defendant for one year, from the 20th of *December*, 1827, at the rent of 200 dollars *per annum*, payable quarter-yearly; which contained a stipulation for a new lease at the same rent, on the defendant's giving three months notice prior to the expiration of the first term, of his intention to use and occupy the store a second year. The defendant entered into possession under the lease, and personally occupied the store until the 20th of *September*, 1829, when he gave a verbal lease of it to *Henry Ives* for a tailor's shop, until the 20th of *December* then next; who thereupon went into possession with *Samuel S. Buckingham*, his partner in business. They occupied the premises jointly until the 5th of *April*, 1830; when the connexion between them was dissolved, and *Ives* removed from *New-Haven*, leaving *Buckingham* still in possession of the premises, which he continued to hold until the 20th of *September*, 1830, when he quitted them, and they remained unoccupied during the remainder of the term.

The defendant denied his responsibility for the rent after the 20th of *December*, 1829, two years from the execution of the lease, on the ground that he was no longer the plaintiff's tenant, or in the occupancy of the store. On the other hand, the plaintiff claimed, that the defendant either personally, or by his tenants, or by his leaving the store unoccupied in the midst of a term, was in law to be considered as the occupier of the premises from the execution of the lease in 1827, to the 20th of *December*, 1830.

Much evidence was exhibited in the cause, which it is not

New-Haven,
July, 1832.

Bacon
v.
Brown.

now necessary to detail.    The judge instructed the jury, that if a tenant for a year retains the possession of the premises after the expiration of the term, either personally, or by tenants placed there by him, the law holds him responsible to his landlord, as on a hiring for another year, on the same terms as before ; and consequently, that the defendant was responsible for the rent, during the period claimed by the plaintiff, unless it was proved, that the plaintiff had accepted some other person as his tenant, or relinquished his claim on the defendant ; so that if the jury were satisfied, that the plaintiff had accepted any other person as his tenant, or relinquished his claim on the defendant for rent, they would find a verdict for the defend- 'ant,—otherwise for the plaintiff.

The jury gave a verdict for the defendant.    The judge re-- turned them to a second consideration ; and they again brought in the same verdict.    The plaintiff thereupon moved for a new trial, on the ground that the verdict was against the evidence in the cause.

*Townsend*, in support of the motion, contended, 1.    That if a tenant holds over, after the expiration of a written lease for a year, he holds for the time and on the terms of the original lease.    *Doe* d. *Rigge, Bell*, 5 *Term Rep.* 471.    4 *Kent's Comm.* 110.    *Harding* v. *Crethorn*, 1 *Esp. Rep.* 57.    And the tenant does hold over, unless he surrenders the leased premises to the landlord within the term.    *Redpath* v. *Roberts*, 3 *Esp. Rep.* 225.    *Harland* v. *Bromley*, 1 *Stark. Rep.* 455.    *Camp* v. *Camp*, 5 *Conn. Rep.* 291.

2.    That if a tenant permits a third person to occupy leas- ed premises, the legal consequences of the occupancy by such third person, are the same as though the tenant had personally occupied.    *Bull* v. *Sibbs*, 8 *Term Rep.* 327.    3 *Stark. Ev.* 1512.    *Harding* v. *Crethorn*, 1 *Esp. Rep.* 57.

3.    That if during the continuance of a tenancy, the tenant abandons the possession, he is liable for rent, as much as he would be, if he had occupied the premises.    3 *Stark. Ev.* 1518. 1512.

4.    That the uncontroverted facts in the case, bring it with- in the operation of these principles, and render the defendant liable, unless he can shew a discharge from the plaintiff, or a re- cognition of a third person as his tenant ; and this must be made out satisfactorily.

5. That the evidence adduced on the trial, shews no such discharge or recognition. [Here the counsel went into a minute examination of the evidence.]

*C. A. Ingersoll* and *Mix*, contra, contended, 1. That where a tenant holds over, after the expiration of a lease for a year, this is not a renewal of the lease for a year, but only *evidence* of a renewal. It merely affords a presumption that it is renewed, which, like all other presumptions, may be rebutted. To make it a renewal of the lease, the minds of the parties must meet on that subject. If a tenant hold over pending a treaty for a further lease, he is not a tenant from year to year, but at will. *Doe* d. *Hollingworth* v. *Stennett,* 2 *Esp. Rep.* 717.

2. That where a lease is made, and the lessee underlets, and the landlord accepts rent from the sublessee, this is a surrender in law, and the original tenant is discharged. *Thomas* v. *Cooke,* 2 *Stark. Rep.* 408. *Harding* v. *Crethorn,* 1 *Esp. Rep.* 57.

3. That where there is an eviction, by the landlord, of a part of the premises, this discharges the tenant. *Smith* v. *Raleigh,* 3 *Campb.* 513.

4. That the plaintiff's hiring the cellar of *Ives* and *Buckingham,* (an undisputed fact,) was an eviction of the defendant.

5. That the evidence before the jury was such as to induce a reasonable belief, that the defendant's tenancy expired on the 20th of *December,* 1829; and that after that time, the plaintiff considered *Ives* and *Buckingham* as his tenants, and virtually, if not explicitly, recognized them (or one of them, at least) as such.

6. That if this court should be of opinion that the verdict ought to have been for the plaintiff, still as there is much evidence to support it, and the case is not free from doubt, a new trial will not be granted. In *Palmer* v. *Hyde,* 4 *Conn. Rep.* 426, the court were of opinion that the verdict was against evidence; but they refused to grant a new trial. See also *Bartholomew* v. *Clark,* 1 *Conn. Rep.* 482. *White* v. *Trinity Church,* 5 *Conn. Rep.* 188.

Bacon
*v.*
Brown.

*R. S. Baldwin,* in support of the motion, was stopped by the court.

Hosmer, Ch. J. The principles of law applicable to the present controversy, and embraced in the charge to the jury, are indisputable ; and in the argument of the plaintiff's counsel, they have been exhibited, with great perspicuity, precision and force.

After the expiration of a lease for a year, if the tenant holds over, the law considers him responsible to his landlord, as on a hiring for another year, upon the same terms as before.

If the tenant permits a third person to occupy the premises, it is, in law, considered to be equivalent to his personal occupancy, and is followed by the same consequences.

And if, during the continuance of a tenancy, the tenant abandons the possession of the premises, he is as much liable for the rent, as though he had continued his occupancy. [See the cases cited by the plaintiff's counsel.]

From these principles, in connection with the admitted facts in the case, it was correctly stated, by the judge, in his charge to the jury, that the responsibility of the defendant for the rent, continued, unless the plaintiff had accepted some other person for his tenant, or had relinquished his claim on the defendant. Whether either of these facts existed, is the question, now to be decided.

1. To bring his case within the purview of the preceding principles, the defendant produced to the jury certain receipts given by the plaintiff. The first receipt bears date on the 26th of *February,* 1830, and is thus expressed : " Received of *Jacob Brown,* twenty three dollars, fifty cents, in full of all demands for rent of my store in *Chapel* street, *which he occupied.*"

This receipt proves, that a sum of money had been received, in full of all demands, for rent that had accrued, but contains no evidence, that the tenancy had expired. It has no bearing on that point. The expression, in full, for the rent of my store " *which he occupied,*" although it refers to a past occupancy, is not at all inconsistent with a present occupancy. It was inserted merely for the purpose of identifying the subject, for which the rent was paid.

The receipt of the 23d of *March,* 1830, for money received

" of *Jacob Brown*, by *Ives & Buckingham*," decisively shows, that *Bacon*, the signer of the receipt, considered *Brown* to be his tenant, making payment through his before-mentioned agents.

On the 23d of *June*, 1830, the plaintiff executed to *Samuel S. Buckingham*, a receipt in these words: "Received of *Samuel S. Buckingham*, fifty dollars, for one quarter's rent of my store, ending the 20th of *June*." This receipt, considered by itself, is no evidence, that the plaintiff considered *Buckingham* as his tenant. Such construction would entirely outrun the meaning of its expression. It purports an acknowledgment of money received ; and this was the only object. But when taken in connection with existing facts, it lays no foundation even for the slightest presumption against the plaintiff. He had repeatedly informed *Buckingham*, that *Brown* was his tenant ; and that he should have no objection to consider him (*Buckingham*) as such, if he would give him security for the rent ; which *Buckingham* declined ; and immediately before the writing of the above receipt, the plaintiff desired it to be written in the name of *Brown*, who, he declared, was his tenant. But *Buckingham* insisted on taking it in his own name, and assigned as the reason, that as he paid *his own* money, the receipt ought to be as before expressed. Immediately after this observation, the receipt was drawn and executed, that *Buckingham* might be possessed of evidence, both against the plaintiff and *Brown*, that he had paid his own money.

The receipts, then, prove nothing inconsistent with the tenancy of *Brown*, nor show that the plaintiff had accepted another person as his tenant.

2. Equally unavailing for the defendant, is the supposed return of the key of the store, to the plaintiff. In *September*, 1830, it was given to a boy, by *Buckingham*, with the direction to carry it to the plaintiff's residence. Afterwards, in the absence of the plaintiff, and on the request of *Austin*, a witness, it was delivered to him, by the plaintiff's wife. But there is no evidence the plaintiff had any knowledge, that the key had been returned, much less, that he ever *accepted* it. It is from the *acceptance* of the key, by the operation of law, that a surrender of the lease may be presumed.

3. From the possession of the store, by *Austin*, there arises no evidence, that the tenancy of *Brown* was terminated. Af-

ter the procurement of the key as aforesaid, *Austin* immediately, without consulting any one, deposited furniture therein. On the same day, he saw the plaintiff, and said to him : " I have taken possession of your store," to which the plaintiff replied : " Mr. *Brown's* store, you mean." *Austin* occupied the store about six weeks, without permission from any one, and without the payment of rent.   On the plaintiff's part, there was no assent to the preceding transaction ; and of consequence, there is no implication against him.

4.   On one occasion, Mrs. *Bacon* was in a part of the store, with kettles and tubs, and in the act of washing.   By her own act, unauthorised by her husband, she could not in any manner affect his rights ; and there is no evidence, that her temporary possession of the store, was with his knowledge or assent.

5.   The cellar of the store, was let to the plaintiff, by *Ives & Buckingham ;* and this is construed, by the defendant, into the acceptance of them as his tenants.   From this fact, no such inference arises.   If *Ives & Buckingham* were sublessees of *Brown*, they had right to lease to the plaintiff a part of the store, equally as *Brown* would have had the right, had he retained the possession ; and their right as sublessees is all that the transaction implies.

Besides, the hiring of the cellar happened, on the 20th *March*, 1830.   Immediately preceding this event, the plaintiff had applied to the defendant for the rent of the store, and had declared, in the presence of *Ives & Buckingham*, that he considered him as his tenant.   Superadded to this, he had refused to accept them as his tenants, unless they would give him security ; which they declined to do.   Soon after, on the same day, the plaintiff proposed to take a part of the cellar of the store, at a certain rent ; and it was agreed to.   The entire transaction evinces, that the store was hired, by the plaintiff, of *Ives & Buckingham*, not as being his tenants, but as being the sublessees or holders, under *Brown*.

6.   It has been argued by the defendant's counsel, that if *Ives & Buckingham* were not the tenants of the plaintiff, his hiring the cellar of them was an eviction of *Brown ;* and to sustain his argument, the case of *Smith* v. *Raleigh*, 3 *Campb.* 513. has been cited.   In the transaction alluded to, there is nothing like an eviction.   By this term is meant a wrongful ouster or dispossession ; (5 *Conn. Rep.* 521.) but here nothing

of that kind can be pretended. The hiring by the plaintiff was a lawful act, and compatible with the rightful possession of the lessees under *Brown.* Nor has the case cited any bearing on the point for which it was adduced. It merely establishes the principle, that when premises are let at an entire rent, an eviction from part, if the tenant thereupon gives up the residue, is a full defence to the action for use and occupation.

I have now considered every question made in the case, and am prepared to say, that by holding over the term, the defendant became tenant for a year, on the terms of the original lease ; and that the plaintiff has never accepted any person other than the defendant, as his tenant, nor relinquished his claim upon him for the rent.

That the jury decided against the evidence is too decisive and palpable, to permit a doubt to rest upon the mind.

A new trial, therefore, must be granted.

The other Judges were of the same opinion.

New trial to be granted.