LEWIS WHITING vs. HAZEN CORWIN.

That a book account action is the proper remedy for articles delivered and
not accounted for, or posted, when the plaintiff's book is balanced.

So it is for cash delivered to purchase articles for plaintiff, which were ne-
ver purchased.

That a mistake by twice crediting the same articles may be rectified in this
action, if they were proper articles to be charged on book, or there credited.

That it is not a matter of course, that the partie's oath is sufficient to sup-
port charges of mistakes, after the books are balanced. But his testimony to
the delivery of the articles is good as in other cases.

This was an action of book account, commenced be-
fore a Justice, and appealed to the County Court; where
judgement was rendered to account, and an auditor ap-
pointed to take the account; who made a special report,
referring the case to the Court, in reference to all the items
of the plaintiff's account.

The auditor attached a copy of the defendant's account
to his report. A part of this he reported had been allow-
ed to the defendant on a settlement, when the books were
balanced, and the rest he reported to disallow, for the want
of evidence to support it. The plaintiff's claim consisted
of three items of charge, as follows. To 16 bushels of
oats, delivered April 21st, 1831, at 2 shillings, $3,34.—
To cash, deliver May 18th, 1831, $15,00. To error in
crediting the same item twice in the account settled,
$5,61.

The auditor, also, reported, that, after the date of the
delivery of these articles, to wit, on the 14th day of June,
A. D. 1831, the parties were together, settling their ac-
count; when the charges on the plaintiff's book amount-
ed to $440; and the credits to the same sum. That un-

ORANGE,
February,
1833.

Whiting
vs.
Corwin.

der this, in the book, the plaintiff, in the presence of the defendant, and in pursuance of a settlement then made and concluded, wrote the following words and figures, to wit:

The above settled June 14th, 1831.

Afterwards, and under this were the charges made, for which this suit is brought.

Some other items were also charged, of a later date, but these were equalled by late credits.

The auditor also reported, that, when said book was balanced, the defendant gave the plaintiff his note for a-bout thirty dollars for the balance then agreed upon.—That the defendant, thereupon, proposed to pass receipts. To this the plaintiff objected, saying there were other matters unsettled between them; and particularly mentioned the oats, and the said cash, which were not then charged on the book; and added, "we have settled so far, and, I will so enter on my book, to save looking that over again."

The auditor also reported, that it was proved by other testimony than that of the plaintiff, that the oats were sold and delivered to the defendant by the plaintiff's clerk, at their date; but were not charged till the 16th of July following. Also, that said fifteen dollars in cash were delivered to the defendant by the plaintiff on said 1st day of May 1831, not in payment, nor as a loan, but to be paid out by the defendant for certain factory cottons, which the plaintiff directed him to purchase for the plaintiff; and that the defendant did not so pay it out, but converted it to his own use. Also, that said error in crediting the same item twice did exist, and was not corrected in said settlement.

Each party claimed judgement on this Report. The County Court rendered judgement for the plaintiff, for the amount of the said three items, claimed by him. The defendant filed his exceptions to this decision; whereupon the cause comes up to this Court for revision.

*Buck, for defendant.*—I. The settlement made by the parties, as reported by the auditor, on the 14th June 1831, is final and conclusive between them, as to all matters, proper subjects of book account between them, prior to date, so far as relates to this action

ORANGE,
February,
1833.

Whiting
vs.
Cowin.

The amount due was ascertained and agreed upon, and a note executed by the defendant for that balance. This was accord and satisfaction.

In this position we are not brought in conflict with the case of *Austin* vs. *Berry*, 3 Vt. Rep. 58. That case, in its material features, is not only not parallel, but is not even analogous to this. The difference is,

1st. The books, on which the settlement was made, in the case there decided, were kept by Berry ; Austin trusting to him, and keeping no account.

2d. At the time of computation, it was stipulated, that, if any thing had been omitted, the claim therefor should not be prejudiced thereby.

3d. A mistake, or omission, was shown, and a refusal of Berry to rectify or allow it to Austin, as agreed.

No such circumstances attend this case. No intimation was given of matters, that had been, or might be, omitted, until after the computation, the ¡balance struck, and note executed by Corwin, and delivered to Whitney.

II. If in this view, however, we are in error it follows, that all the accounts of the parties were open to adjudication. The previous proceedings were a mere *looking over*, and the note equivalent to so much money paid. Under this view, then, the auditor should have received, audited, and adjusted Corwins account. This he did not do, but rejected it, as the report shows, because all the items thereof had been allowed to the defendant on the settlement of June.

III. The two last items of the plaintiff's account are inadmissible under any circumstances.

1st. The charge of $15, when expressed according to the facts reported, is for so much money of the plaintiff's *embezzled* by the defendant. This surely cannot be, upon received principles, a subject of book account.

2d. The charge for a mistake in crediting one item twice, is totally inconsistent with the principles of book account. The plaintiff's remedy for this would have been to exhibit his whole account for adjustment, and to take a report for such sum as should appear, on examination by the auditor to be due.

ORANGE,
February,
1834.

Whiting
vs.
Corwin.

*Hebard, for plaintiff.*—The principal objection, on the part of the defendant, and the only one, that I know of, is, to the form of the action.

1st. There can be no despute about the indebtedness of the defendant to the plaintiff; for the report states, that the plaintiffs charges were all proved, and by other testimony than the plaintiff's own oath. Then there was no hardship imposed upon the defendant on account of the form of action; since the charges were supported by the same common law testimony, that would have been required, had the form of the action been different. On the contrary, the defendant had the benefit of his own oath to rebut the testimony of the plaintiff's witnesses, which he, otherwise, could not have had. The defendant, then, has nothing to complain of on the score of equity.

2d. In the next place, the form of the action is strictly, and technically, correct. I apprehend, that it is precisely adapted to transactions of this kind; it being that kind of business, that is ordinarily charged on book, without calling for any other evidence, by which to make the other party chargable. 1 Swift, 582.

The fact, that the parties had made a settlement, subsequent to the delivery of the money and the oats, and before they were charged, makes no difference, and no way alters the nature of the plaintiff's debt. Nor does it, necessarily, drive the plaintiff to a different mode of trial and proof. These articles were no way reckoned in the settlement, and formed no part of the account which the parties intended to settle. On the contrary, it was agreed at the time, that the articles should form the basis of a subsequent settlement: and they were accordingly charged upon the plaintiff's day book, and posted upon his ledger, in the same manner as his other accounts. *Austin* vs. *Berry et al.* 3 Vt. Rep. 58.

3d. The fact, that the money was delivered to the defendant for a special purpose makes no difference, provided the plaintiff does not call for it till such time as his right of action has become mature. *Fry* vs. *Slyfield*, 3 Vt. Rep. 246; *Newton* vs. *Higgings*, 2 Vt. Rep 366; 1 Swift, 582.

An article lent is a proper item of book charge, subject

ORANGE,
February,
1833.

Whiting
vs.
Corwin.

..o a special mode of payment, which is the returning the same article; and, if not returned, the value of the article may be recovered in this form of action. Money lent would be subject to the same rule. But this objection, if it were one in fact, could apply only to the charge for money.

4th. The doctrine has become well settled, that omitting to charge at the time of the delivery of the article, is not of itself, any valid objection to a book charge. And it has even been decided, that a plaintiff may recover in this form of action, when he has no book, excepting what he makes up in Court. *Bell* vs. *McLaran*, 3 Vt. Rep. 183.

5th. The charge for an error in crediting the same article twice is well sustained in the case of *Austin* vs. *Berry et al*, ut supra.

6th. The whole of the plaintiff's account, upon which he claims a right of recovery, is the same in principle, and the same in point of law, as though the articles there charged had been delivered at the time of charging, and had no connexion with that part of the plaintiff's account, which had been previously settled.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—The auditor's report of facts settled the point, that these items of the plaintiff's account, now in controversy, were not included in, or settled by, the settlement entered on the plaintiff's book, in June 1831.— That they were not then charged on the book; that the error of twice crediting the same item on said book was not then corrected; that the other two items of the plaintiff's account were then spoken of by him as unsettled matters; and that the plaintiff then refused to pass receipts, on account of these matters that remained unsettled.

From the facts, reported by the auditor, the plaintiff has a just claim, for which he ought to find some remedy. He finds that the oats were sold, by plaintiff's clerk to the defendant, in April, before the June settlement, but were not charged till the July following; that the $15 in money was delivered for the defendant to purchase articles for the plaintiff, which he never purchased, but converted the money to his own use; that the item was twice credited on book, as is now contended by the plaintiff, and

ORANGE,
February,
1833.

Whiting
vs.
Corwin.

this error not corrected on said settlement. And he finds all this from indifferent testimony, without the oath of the plaintiff. All this surely entitles him to redress, unless he has mistaken his remedy.

Upon this point, we will notice the items separately.—— The charge for 16 bushels of oats is clearly a proper article of book charge, and there is no dispute but that the price is correctly allowed.

It is contended, that the charge of the money is in substance a charge of the defendant's embezzling so much money. We may do well to examine whether this be so.—— For, surely, we ought to decide upon such items according to their reality, and not merely according to some shape, in which they may be presented. The actual circumstances of this money charge were, that the plaintiff delivered this sum of $15 to the defendant in trust for him to expend in a particular way, for the benefit of the plaintiff. The defendant accepted the money upon this trust. Had he expended the money according to this trust, showing that, even upon his own oath, would have been good accounting for the money; and all which the plaintiff had a right to claim of him. But he did not expend the money according to that trust; and he does not attempt to account for it in that way.' But he must account for it in some way; and none is more proper than the one now pursued, where there is no difficulty about the proof, and none now exists. The plaintiff's claim for the money was complete, as soon as the defendant having received it, neglected or refused to use it for the benefit of the plaintiff, according to his trust. What afterwards became of it, whether the defendant used it for his own benefit, or destroyed it, cannot affect this action.

With regard to the charge to correct the error of crediting one article twice, all the difficulty is technical, arising from the shape in which the claim is presented. The article thus credited twice is not named. Suppose it in reality to be six bushels of grain. The book being balanced with this credit twice, would virtually make the defendant debtor for six bushels of grain. Let the charge, then be made thus, "To six bushels of grain, credit by mistake," and it would seem natural enough as a book

charge. It is most favorable to the defendant to have it allowed here rather than in a separate action.

Proper articles of book charge, can be recovered in this form of action, if in any form. If there is a settlement, which includes them, they ought not to be, and cannot be, recovered in any form of action. If they appear, prima facie, to be included in a settlement, when they were not, this embarrasses the plaintiff's proof, but does not change his remedy. We were governed by this doctrine in a case this winter in Franklin County; and we consider it a reasonable doctrine. Any other action may be of no use to the plaintiff, for want of proof to establish the delivery of the articles. If a question arises, how far the oath of the party may avail in such a case ? The answer is at hand. He may swear to the delivery of the articles the same as in all other cases; and is as much entitled to credit, as he would be in any other case of his testifying to support his own account. If he is cross examined with regard to any settlement, which might include this account, he must answer truly; and exhibit what light he can from his books, and from any witness made at the time of the settlement spoken of. But it is not a matter of course, that the party is to gain full credit as an indifferent witness. His testimony must be weighed in connexion with whatever testimony is derived from the books, and from other witnesses, tending to oppose, or strengthen his testimony.— But the testimony of the party to his charges, delivered in the usual course of his deal, and charged at the time of delivery, in his usual way of charging on book, is generally considered sufficient proof of such charges, unless there is some evidence, tending to render his claim doubtful.— The case at bar is freed from all difficulty upon this head; for it does not appear, that the plaintiff offered himself as a witness, at all; and it does appear, that all the facts were proved by other testimony. The County Court, in deciding upon the special report of the auditor, allowed the plaintiff to recover for the three contested items; and that

Judgement is affirmed.