## Jeremiah R. Sias v. William P. Bates.

A. manufactured a pump for B., under an agreement, that, if the pump was not a good one, he was to have nothing for making it. The pump was placed in B's well, and B. paid a part of the price therefor ; but, on trial, the pump proved not to be a good one and failed to answer the purpose intended, and B. gave notice of this to A., and, after several attempts on the part of A. to make the pump work well, requested A. to take away the pump ; *And it was held*, that the pump never became the property of B., that no *acceptance* of it could be presumed, under the circumstances, and that A. could neither recover of B. for the price of the pump, nor for his labor in repairing it.

Book Account. Judgment to account was rendered, and an auditor was appointed, who reported the facts, as follows.

In 1841 the plaintiff agreed to make for the defendant a good wooden pump for eleven dollars ; and, if the pump was not a good one, the plaintiff was to have nothing for making it. Accordingly the pump was made and placed in the defendant's well, in November, 1841. Soon after this the defendant let the plaintiff have a shoat, at three dollars, in part payment for the pump. About four weeks after the pump was delivered, and after the plaintiff had received the shoat, the defendant notified the plaintiff, that the pump leaked, but told him, that he would pay him for it, if he would fix it, so that it would not leak ; the plaintiff agreed to do so, and did fix the pump, several times, so that it worked well part of the time ; but sometimes the water leaked out of it, so that it was necessary to pour water into it, before it could be used. The defendant used the pump most of the time, during the winter season, until the autumn of 1844. In the winter of 1843 the plaintiff called upon the defendant for pay for making the pump, and the defendant refused to pay him any more than he had paid him, and requested him to take away the pump ; and it appeared, that he had so requested the plaintiff several times previous to this. In addition to the charge for making the pump, the plaintiff presented a charge of fifty cents, for repairing the pump ; in reference to which it appeared, that the plaintiff, in January, 1843, repaired the pump at the request of the defendant's wife, while the defendant was absent from home. The auditor reported, that the pump was not constructed upon an approved plan, and that it was not such a pump, as the plaintiff agreed to make for the defendant, but that it was worth seven dollars.

The county court,—ROYCE, J., presiding,—decided upon, these facts, that there was nothing due to either party, and rendered judgment for the defendant, that he recover his costs.

*S. B. Colby* for plaintiff.

1. The plaintiff is, at least, entitled to recover for the charge for repairing the pump,—the defendant's wife having authority to bind him. *Felker* v. *Emerson,* 16 Vt. 654.

2. The defendant *accepted* the pump, without objection, and paid for it in part,—thus waiving his right to object to the principle on which it was constructed. *Wilkins* v. *Stevens,* 8 Vt. 214.

3. The occasional *leakage,* which is the only defect found by the auditor in the pump, shows no radical defect, but was the natural result of friction, frost, &c. It does not appear, but that the pump was a *good one,* within the meaning of the plaintiff's contract.

4. The report shows a compliance, by the plaintiff, with the conditions attached to the defendant's subsequent promise to pay for the pump.

*E. G. Johnson* and *C. W. & H. F. Prentiss* for defendant.

The plaintiff has not performed his contract, and therefore is not entitled to recover for the pump. The subsequent offer by the defendant did not change the original contract, in as much as the plaintiff, after repeated trials, failed to comply with the conditions attached to it. The plaintiff cannot be prejudiced by the length of time the pump remained in his well; for the plaintiff was repeatedly endeavoring to make it a good pump, and the defendant was repeatedly requesting him to take the pump away. The plaintiff is not entitled to recover for what the pump was in fact worth,—for the reason, that there was an *express* contract; 6 T. R. 320; and the parties could be placed *in statu quo. Dyer* v. *Jones,* 8 Vt. 203. *Blood* v. *Enos,* 12 Vt. 625. The plaintiff cannot recover for repairing the pump, because he performed the service at the request of the defendant's wife, and she had no authority to bind her husband in that particular. The pump was not the property of the defendant, at the time it was repaired; he had never accepted it, on the contract. Reeve's Dom. Rel. 79, 80. Com. on Cont. 786, 787. *Greene* v. *Sperry,* 16 Vt. 390. But if the plaintiff may recover for

the repairs, the defendant is entitled to recover the balance of the payment made by him,—the consideration of the payment having failed.   Com. on Cont. 48, 377.   *Giles* v. *Edwards*, 7 T. R. 181. Chit. on Cont. 137, n. 10.   *Moses* v. *McFarlan*, 2 Burr. 1010.   *Towers* v. *Barrett*, 1 T. R. 133.   *Woodward* v. *Cowing*, 13 Mass. 216.

The opinion of the court was delivered by

KELLOGG, J.   It is apparent, from the facts reported by the auditor, that, by the very terms of the contract between the parties, the plaintiff's right to recover compensation for the pump was made to depend upon the goodness of the article he should furnish.   If he did not make a good pump, he was not to receive any pay for it. It is equally evident, that the pump, which the plaintiff made and furnished to the defendant, failed to answer any valuable purpose, that it was not constructed upon an approved plan, and was not such a pump, as he contracted to make for the defendant.

But it is said, that the defendant accepted the pump without objection, and put the same in operation, and thereby *waived* the right of objecting thereafter ; and the case of *Wilkins* v. *Stevens,* 8 Vt. 214, is cited as an authority to support this position.   If the defects in the pump were *apparent,* and the defendant *accepted* the pump without objection, and with a *knowledge* of its defects, then the case cited would be an authority in point and decisive of the present case.   But it does not appear, that the imperfections in the pump were *apparent,* or *known* to the defendant, at the time the same was put in operation ; and when the defects and imperfections were discovered by the defendant upon trial, he made it the subject of complaint to the plaintiff.   We think it apparent, from the contract and the conduct of the parties under it, that, when the pump was put up, it was to be tried by the defendant, for the purpose of ascertaining whether it was a good one and would answer the purpose intended. His use of the pump cannot, therefore, be regarded as a waiver of his right to object to such imperfections and defects, as the use and trial of it might disclose.

It is, however, farther insisted, that the plaintiff is, at all events, entitled to recover for the repairs made upon the pump, at the request of the defendant's wife in January, 1843.   To this item of the plaintiff's claim it may be answered, that the pump never be-

came the property of the defendant, that he had never accepted it, but for the purpose of trial, and that, upon discovering that it failed to answer the contract, he had, in the winter of 1843, and at several times previous thereto, requested the plaintiff to take it away. It was, therefore, a repair of the plaintiff's property, for which the defendant was in no manner responsible.

We are satisfied with the judgment of the county court and the same is affirmed.