MORSE, plaintiff in error, *vs.* CONGDON, defendant in error.

Where a plaintiff sues for a balance of book account, if the defendant admits the debits charged against him on the plaintiff's books, the plaintiff cannot be sworn as a witness to prove his account, under R. S., ch. 93, § 85.

Without such admission, he is not a competent witness, under the statute, to prove that on a settlement of accounts, and receipts in full, he gave the defendant credit by mistake, for a sum which had not been paid.

Where defendant objects to the plaintiff being sworn, under the statute, on the ground of incompetency to prove the facts to which he offers to testify, this will be considered an objection to the plaintiff's testimony, after he is sworn.

Error to Washtenaw Circuit Court.

*Colman & Root*, for plaintiff in error.

*Sedgwick, Gott & Walker*, for defendant in error.

By the Court, DOUGLASS, J.

Morse brought assumpsit against Congdon, before a Justice of the Peace, for $307 50, the price of 532 25-100 bushels of wheat, sold and delivered to the defendant on and before the 28th of October, 1851. Plea, the general issue, and payment. On the trial, the defendant admitted the sale and delivery of the wheat, and the price thereof, as alleged in the declaration. The plaintiff then produced his book of accounts, and offered to take the preliminary oath, and to be sworn as a witness in the cause, as provided for by sec. 85 of chap. 93 of the Revised Statutes, which declares that " in any action brought before a Justice of the Peace, on a book account, or where any book account shall be offered as a set-off, if the party claiming the same shall make oath that there is no disinterested witness by whom he can prove the facts relating to such account, the parties to such action, and any other person interested in the event of the suit, may produce in Court the book containing the account, or any part thereof, and may be examined on oath in relation to such account, or any item thereof." To this, defendant objected; but the objection was overruled by the Justice, and the plaintiff, having produced his book and taken the preliminary oath, was allowed, without further objection, to testify to the delivery of the wheat as alleged, and also that he received therefor, from the defendant, in all, $287 94; but that on a settlement which took place between the parties, for the wheat delivered on the 28th of October, 1851, he, (the plaintiff,) by mistake, allowed the defendant credit for $19 54, which had never been paid to him. This balance was all that was claimed by the plaintiff. The defendant, on his part, proved and read in evidence, a receipt of the plaintiff, dated October 28, 1851, for $38, in full for all wheat delivered up to that date; and there was considerable further evidence on both sides, as to

Morse, plaintiff in error, vs. Congdon, defendant in error.

whether the balance claimed by the plaintiff had actually been paid to him or not.

Upon the whole evidence, the Justice rendered judgment in favor of the plaintiff for the said sum of $19 54, and costs.

The defendant then removed the cause by *certiorari*, to the Circuit Court, where the judgment below was reversed, with costs; and thereupon the plaintiff brought error to this Court. We think the judgment of the Circuit Court was correct. The only facts in relation to his account, which, by the statute, the plaintiff was a competent witness to establish, at least in that stage of the cause, when he was offered as a witness, were those which were fully admitted by the plaintiff, in open Court. After that admission, it was evident that he could not take the preliminary oath required, without perjury, unless he did so under misapprehension of the law; and the Justice should have refused to administer it. But the oath was administered, and the plaintiff was afterwards permitted to testify to facts which the statute does not render him a competent witness to prove, under any circumstances, or in any stage of the cause. (*Punderson* vs. *Shaw, Kirby*, 150; *Weed* vs. *Bishop*, 7 *Conn.* 128; *Terill* vs. *Beecher*, 9 *Ib.* 344; 5 *Verm.* 457; *Cow. & Hill's notes to Phil. Ev.* 689.) This testimony went directly to the only point in controversy between the parties; and we must presume, had some influence upon the judgment.

The plaintiff contends that the judgment of the Justice ought not to have been reversed, for this reason: because no objection was made to this testimony. But the objection to his being sworn, must be construed as an objection to his competency, under the statute, after the admission which had been made, and we think it was well taken; and that no further objection was necessary, to enable the defendant to avail himself of the improper admission of the evidence.

The judgment of the Circuit Court must therefore be affirmed, with costs.