### SULZER v. WATSON.

*(Circuit Court, D. Vermont. July 1, 1889.)*

PRACTICE IN FEDERAL COURTS.
　　Under Rev. St. U. S. §§ 648, 649, making all issues of fact in the circuit court triable by jury except in proceedings in equity, bankruptcy, admiralty, and in cases of maritime jurisdiction, an action of book-account can be tried only by a jury, though section 914 provides that the practice in the federal courts shall be similar to that in the courts of the state in which the case is tried, and the action mentioned is triable under the state practice only by auditors.

At Law. Action of book-account.
*Wilder L. Burnap*, for plaintiff.
*Samuel E. Pingree*, for defendant.
Before WALLACE and WHEELER, JJ.

WHEELER, J. The action of book debt has always been in use in Connecticut. It has been regulated, but was not created, by statute. *Terrill* v. *Beecher*, 9 Conn. 348, note. It was brought from there to Vermont, regulated by statute, and called "book-account." Slade's Vt. State Papers, 456. Trials in it are always by auditors appointed by the court. Gen. St. Conn. §§ 1037, 1044; R. L. Vt. §§ 1206, 1207. In practice it is nearly concurrent with the action of general *assumpsit*. *Wilkins* v. *Stevens*, 8 Vt. 214; *Gassett* v. *Andover*, 21 Vt. 342. It lies for services performed, even under a special contract. *Myers* v. *Society*, 38 Vt. 614. The form of the declaration is prescribed, and runs for the recovery of money "which the plaintiff says is justly due from the defendant to balance book-accounts between them." This is an action of book-account,

brought in accordance with this mode of procedure, in this court, under the provisions of section 914, Rev. St. U. S., assimilating the forms and modes of procedure in the circuit and district courts of the United States to those existing in like causes in the courts of this state.

The plaintiff moves to proceed to the appointment of an auditor according to the usual mode in that action, to which the defendant objects. By the laws of the United States the trial of issues of fact in the circuit courts is to be by jury in all cases except those of equity, and of admiralty and maritime jurisdiction, in proceedings in bankruptcy, and where the parties, by written stipulation, waive a trial by jury. Rev. St. U. S. §§ 648, 649; *Parsons* v. *Bedford,* 3 Pet. 433; *Kearney* v. *Case,* 12 Wall. 275. This is not one of either of these excepted cases. It is an action at law, although not in any form known to the common law; and, although courts of equity have jurisdiction of some matters of account, they never have had any of matters merely in *assumpsit,* which may be involved in an action like this. These are called matters of account because they may be kept on books of account, and not by reason of any relation of trust between the parties out of which the transactions might arise, such as courts of equity take cognizance of. The adoption of forms and modes of procedure of the states is to supply those which the laws of the United States do not provide, and those of the state cannot take the place of those which the laws of the United States have otherwise provided. *Ex parte Fisk,* 113 U. S. 713, 5 Sup. Ct. Rep. 724. A trial by jury in cases like this in this court, being expressly provided for and required by the laws of the United States, no other mode of trial can be taken from the state procedure and substituted for it, without consent of the parties in the form prescribed by those laws. *Parsons* v. *Bedford,* 3 Pet. 433; *Baylis* v. *Insurance Co.,* 113 U. S. 316, 5 Sup. Ct. Rep. 494. In this case there can be no trial by auditors, therefore no auditors should be appointed. Appointment of auditor denied.