Mr Justice Story
delivered the opinion of the Court.
This is a writ of error to the district court Of the eastern district ofLouisian a. The plaintiff in error was surety in an appeal bond given upon a writ of error to a.judgment of the district court of Louisiana, rendered in 1830, in the suit of Jean Gassies ‘Ballon v. Pierre Gassies ¡’which judgment was affirmed in the supreme court of the United States in 1832. Upon the cause coming back to the district court, upon the mandate of the supreme court, execution issued against the judgment debtor, Pierre Gassies, and was returned satisfied in part. Upon motion afterwards made, and due notice to Hiriart, a summary judgment was entered against him upon the appeal bond ; in pursuance of a rule of the district court. The rule is in the following. wTords : “ in all cases of affirmance of judgment, on writs of error, from judgments pronounced in this court; a rule may be taken on.the principal, and his sureties in the appeal bond, returnable ten days after recording the mandate of the supreme court,, to show cause why execution should not issue against them; and no cause being shown, judgment shall be entered against them and the principal, and execution issue accordingly.” Hiriart showed for cause, (among other tilings, •not necessary to be stated, as they are not cognizable on a writ of error) that the proceeding was irregular, and that if liable' on the bond, his liability must be established by an ordinary action, before a competent tribunal. The district court, notwithstanding, entered the sunynary judgment; and the.-writ' of error is taken to this judgment.
Theprincioal point relied oirseems to be-that the party was entitled to a trial by jury; and that no such summary judgment is authorized by law. Whether this objection is well founded depends upon the act of congress of the 26th of May 1824, for the regulation-of (lie practice of the district court of Louisiana. That act declares, that the mode of proceeding in civil causes in the courts of the United States in Louisiana, shall be conformable to the laws directing the mode of practice in the district courts of the states; with a power in the judge, to make rules to adapt such laws of-procedure to the organization of the courts of the United States. The laws of Louisiana allow appeals from the district courts of the state, to the supreme court, upon givingan appeal bond with seeuri *167 ty; and' authorize a summary judgment upon such appeal bond, upon mere motion in the court from whence the appeal was taken, in execution of the judgment of the appellate court, (a) The rule of the district court of Louisiana, therefore, follows the analogy of the laws of Louisiana, being modified only so far as is proper to suit the organization of the courts of the United States, and to conform to the laws thereof. The summary'judgment, therefore, was strictly authorized; and the party appellant had no right to a trial by jury. ’ In becoming a security he submitted himself to be governed by the fixeid rules which regulate the practice of the court. The judgment is affirmed with damages at the rate of six per-cent, and costs.
It may be added, to prevent misapprehension; that there is also in the same record, an appeal taken to a decree of the district court, dissolving an injunction to the judgment granted upon a petition in .the nature of a bill in equity. This appeal is not before us : and the decree being only interlocutory, and not a final decree, it is not the subject, of an appeal.
.This cause came on to be heard- on the transcript of the record from the district court of the United States, for the eastern district of Louisiana, and was argued by counsel; on consideration whereof, it is adjudged and ordered by this court, that the judgment of the said district court in-this cause be, and the same is hereby affirmed with costs and damages at the rate of six per centum per annum. •

 See Code of Procedure of Louisiana, art, 570, 573,575, 579, 596, 597.