34 U.S. 156
 9 Pet. 156
 9 L.Ed. 85
 SEBASTIAN HIRIART, PLAINTIFF IN ERROR
v.
JEAN GASSIES BALLON.
 January Term, 1835
 
 IN error to the district court of the United States for the eastern district of Louisiana. (a) This case was submitted to the court by Mr Benton, for the appellee, on a printed statement.
 The appellee in this case, who was the plaintiff in the court below, instituted his suit in the district court of the United States for the eastern district of Louisiana, against one Pierre Gassies, and obtained a judgment against him in the due course of law, for the sum of 3100 dollars, with interest at the rate of five per cent, from the 1st of December 1829, until paid, and costs of suit; from which judgment an appeal was taken to this court by said Pierre Gassies, who gave, as security to the appeal bond, the present appellant, in the penalty of 4500 dollars, which appeal was heard in this court at January term 1832.
 
 
 'Rule 10. If any docketed cause shall be called at two courts and not tried, the plaintiff shall be called, and if he does not immediately go to trial he shall be non suited, unless it shall appear that it had been continued at defendant's motion, or other satisfactory cause shall be shown to the court, on oath, to prove it was not postponed on account of the plaintiff's neglect, or unless the defendant, at such second calling, shall obtain a further continuance; but nothing in this rule shall be construed to prejudice defendant's right of calling for a non suit, at any previous court.
 'Rule 11. If a cause is at issue, and either party move for a continuance of it on account of the absence of witness, such motion must be on oath or affirmation of the party, his agent or attorney, in writing, subscribed by him, stating that some witness, residing within the reach of the process of the court, (who shall be named and the place of his residence mentioned) is wanting; that he believes that such witness is a material and competent witness in the cause; and, to satisfy the court of his materiality, shall state what fact or facts it is expected or believed the witness will prove on the trial; that all reasonable endeavours have been used to procure his attendance at the term; that he cannot safely go to trial without the benefit of his testimony; and that a continuance is not prayed for the purpose of delay.
 'If an application be made for a continuance, and also for a commission to procure evidence, (the other party not consenting thereto) the affidavit must state what fact or facts it is believe will be proven on the trial of the cause, that the testimony sought is competent and material, that he cannot safely go to trial without the benefit of it, that he believes it can be procured in a certain time, which shall be specified, and that the application is not made for
 delay. If a commission issue, interrogatories must be filed, as directed in the following rule.
 'Rule 12. The clerk is authorized, in vacation, on the written application of the plaintiff or his attorney, to enter the discontinuance of a cause, and with consent of counsel, written, signed, and put on file, to enter on the minutes, rules and orders, preparatory to trial of causes pending therein, and to issue commissions to take testimony in all cases, at the instance of either party, and if it be not the intention of the party taking out the commission to take testimony de bene esse under the thirtieth section of the judiciary act of 1789, he shall file interrogatories and serve a copy thereof on the opposite party or counsel, who may, if he thinks proper, add cross interrogatories, and return the whole to the other within three days, or, in default thereof, the commission may be executed without the cross interrogatories.
 'Rule 13. No amendment shall be made to any petition or answer, unless it be made previous to setting the cause for trial (except as to mere matters of form, which may be made at any time before trial) and no amendment shall be made at any time, tending wholly to alter the nature of the action or defence. 6 Peters 761. A judgment confirming the judgment below was rendered; and upon said judgment and mandate of this court in due course of proceeding, an execution issued against the property of said Pierre Gassies. After various proceedings had relative thereto, the marshal of the said district made his return in said case, that the sum of 375 dollars and 50 cents alone had been made from the property and estate of said Pierre Gassies; for which sum a credit was given upon the execution the 31st of January 1833.
 Upon the 13th of April 1833, a motion was made in the district court, that Sebastian Hiriart, the appellant, show cause on the first day of next term, why judgment should not be entered against him, for the amount of the judgment, damages, interest and costs; and why execution should not issue against him. At the proper time the said appellant filed his answer; and after argument, &c., judgment was given against the appellant, upon said appeal bond; and the appellant prosecuted this appeal. Execution issued upon this judgment on the 1st of July 1833, and was levied upon his property, but the sale of it was stayed by an injunction issued by the judge of said district court, upon the 27th of July 1833. On the 28th of December 1833, the said injunction was dissolved, from which dissolution of the injunction the appellant prayed an appeal to this court.
 The district judge refused to allow this writ of error, assigning for the same the following reasons.
 'The act of congress forbids any writ of error or appeal to be taken, except from a final judgment. The supreme court of the United States, in the case of Western et al. v. The City Council of Charleston, 2 Peters 449, have given a judicial definition of this word 'final.' It is there said 'the word final must be understood, in the section under consideration, as applying to all judgments and decrees which determine the particular cause.' That is, as I understand it, only such judgments as conclude the rights of the party can be considered final in the sense of the law.
 'In the case under consideration, the rights of the party complainant, as to his liability to pay this debt (for that was his own stipulation in case the principal did not), were passed upon at the time the judgment below was affirmed, and at all events, when judgment was given against him on the rule to show cause as above referred to, then perhaps he might have defeated the obligation by the plea 'non est factum' or some other; but the dispute now is merely as to the remedy sought to enforce a right already determined by both courts.
 'In the case of Young v. Grundy, 6 Cranch 51, it is said, 'an appeal does not lie from an interlocutory decree dissolving an injunction.' And in Gibbons v. Ogden, 6 Wheaton 448, the court say, 'nor from a decree affirming a decretal order of an inferior court refusing to dissolve an injunction.'
 'I am aware that the technical expression, 'interlocutory judgment,' is usually applied to incidental orders, made in the progress of a cause, not affecting the main question to be afterwards determined by the court; but all incidental orders are 'interlocutory,' whether they be made pending or after the determination of the main question, and these orders may be made so long as the case is within the control of the court, and all cases are within the control of the court until its judgment is fully executed. When an injunction is obtained suspending an execution, the object is not to bring the judgment itself into review, but to inquire whether an improper attempt is made to enforce it.
 'Injunctions are grantable at chambers. Now it will not be pretended that a verbal refusal of a judge to grant an injunction would sustain an appeal; but if he should, through inadvertence, grant it, when no equity appeared on the face of the petition, or on further examination it should be found to be unfounded, and he should then refuse to perpetuate it, what difference is there in reason, why a refusal to make it operative, after a full investigation of its merits, should give the party and more right to appeal, than his refusal in the first instance?
 'It may be said that when a dispute arises as to the right of a party to appeal, the case ought to be sent up to the appellate court for its determination as to that right. To this there are two answers: 1. Where the law itself has fixed the amount from which an appeal can be taken, and that amount is palpably below the sum so fixed; or when the appellate court has given a construction to the law embracing the right of a party to appeal, in a given case, as I conceive has been done in cases similar to this, it would be treating the court with disrespect to send to it a case, of which, according to settled law, it could not take cognizance. '2. However much I am disposed to have my decisions reviewed, yet I am as much bound to guard the rights of one party, as the other; and when my judgment is convinced that the law does not authorise an appeal, and which if granted would operate injuriously to the other party, I feel bound to refuse it. Besides if this party has a right to appeal upon the ground stated, his security in the appeal bond, in case of his insolvency, would have the same right, on making a sufficient oath, to obtain an injunction, and so on ad infinitum.'
 After the order to dissolve the injunction, the plaintiff below took out an alias execution against the property of Sebastian Hiriart, the prior execution having been returned into court.
 On the 12th of April 1834, Mr Slidell, counsel for Hiriart, obtained, on motion, an order that the defendant, Jean Gassies Ballon, show cause, on Monday, the 14th instant, at 11 o'clock, A. M., why the execution issued in this case should not be quashed, and all further proceedings on the judgment, rendered in this case, suspended on the ground that the supreme court has accorded a writ of error which had been refused by this court before the execution issued.
 And on the 14th of the same month, the following order was made. The rule taken by the plaintiff on the defendant came on this day before the court, when, no opposition being made by the counsel for the defendant, it is ordered that the same be made absolute, on condition that the plaintiff enter into bond, with good and sufficient sureties, to respond to the judgment enjoined against by the plaintiff.
 The questions submitted to the court, on the part of the defendant in error, are: whether there be error in the proceedings of the district court of Lousiana in the refusal of the writ of error; and whether the judgment and decree of the said court, ought not to be confirmed with damages; the present application being made for delay only.
 Mr Justice STORY delivered the opinion of the Court.
 This is a writ of error to the district court of the eastern district of Louisiana. The plaintiff in error was surety in an appeal bond given upon a writ of error to a judgment of the distrct court of Louisiana, rendered in 1830, in the suit of Jean Gassies Ballon v. Pierre Gassies; which judgment was affirmed in the supreme court of the United States in 1832. Upon the cause coming back to the district court, upon the mandate of the supreme court, execution issued against the judgment debtor, Pierre Gassies, and was returned satisfied in part. Upon motion afterwards made, and due notice to Hiriart, a summary judgment was entered against him upon the appeal bond; in pursuance of a rule of the district court. The rule is in the following words: 'in all cases of affirmance of judgment, on writs of error, from judgments pronounced in this court; a rule may be taken on the principal, and his sureties in the appeal bond, returnable ten days after recording the mandate of the supreme court, to show cause why execution should not issue against them; and no cause being shown, judgment shall be entered against them and the principal, and execution issue accordingly.' Hiriart showed for cause, (among other things not necessary to be stated, as they are not cognizable on a writ of error) that the proceeding was irregular, and that if liable on the bond, his liability must be established by an ordinary action, before a competent tribunal. The district court, notwithstanding, entered the summary judgment; and the writ of error is taken to this judgment.
 The principal point relied on seems to be that the party was entitled to a trial by jury, and that no such summary judgment is authorized by law. Whether this objection is well founded depends upon the act of congress of the 26th of May 1824, for the regulation of the practice of the district court of Louisiana. That act declares, that the mode of proceeding in civil causes in the courts of the United States in Louisiana, shall be conformable to the laws directing the mode of practice in the district courts of the states; with a power in the judge, to make rules to adapt such laws of procedure to the organization of the courts of the United States. The laws of Louisiana allow appeals from the district courts of the state, to the supreme court, upon giving an appeal bond with security; and authorize a summary judgment upon such appeal bond, upon mere motion in the court from whence the appeal was taken, in execution of the judgment of the appellate court.(a) The rule of the district court of Louisiana, therefore, follows the analogy of the laws of Louisiana, being modified only so far as is proper to suit the organization of the courts of the United States, and to conform to the laws thereof. The summary judgment, therefor, was strictly authorized; and the party appellant had no right to a trial by jury. In becoming a security he submitted himself to be governed by the fixed rules which regulate the practice of the court. The judgment is affirmed with damages at the rate of six per cent, and costs.
 It may be added, to prevent misapprehension, that there is also in the same record, an appeal taken to a decree of the district court, dissolving an injunction to the judgment granted upon a petition in the nature of a bill in equity. This appeal is not before us: and the decree being only interlocutory, and not a final decree, it is not the subject of an appeal.
 This cause came on to be heard on the transcript of the record from the district court of the United States, for the eastern district of Louisiana, and was argued by counsel; on consideration whereof, it is adjudged and ordered by this court, that the judgment of the said district court in this cause be, and the same is hereby affirmed with costs and damages at the rate of six per centum per annum.
 
 
 (a)
 See Code of Procedure of Louisiana, art. 570, 573, 575, 579, 596, 597.
 
 
 (a)
 The record, in this case, contains the 'General Rules' for the government of the United States court in the eastern district of Louisiana, in civil causes, or suits at law, as contradistinguished from admiralty and equity causes and criminal prosecutions, made in pursuance of the seventeenth section of the judiciary act of 1789, and of the first section of the act of congress of the 26th of May 1824, entitled 'an act to regulate the mode of practice in the courts of the United States for the district of Louisiana.'
 It has been considered useful, by the Reporter, to insert these 'General Rules' in this volume.
 'At a stated session of the court of the United States of America, for the eastern district of Louisiana, held at the city of New Orleans, on Monday, the 14th day of December, Anno Domini 1829.
 'Present the honourable SAMUEL H. HARPER, judge of said court.
 'Ordered, that the following rules be adopted by this court; and all other rules for the practice of this court are annulled from and after this date.
 'GENERAL RULES.
 'Rule 1. Suits at law shall be commenced by writ or process, under the seal of the court, and signed by the clerk, and be tested in the name of the judge, (or if that office shall be vacant, of the clerk) and shall issue in the name of the president of the United States to the marshal of the district, commanding him to arrest or summon the defendant, (as the case may be) and shall be returnable on the first day of each term.
 'Rule 2. A petition addressed to the court shall accompany the writ: it shall state the nature of the case with sufficient precision of circumstance, time and place; which petition shall be signed by the party or his counsel, and shall contain a prayer adapted to the nature of the case; and whatever documents are referred to in the petition, as making part thereof, shall be filed with it, or if copies thereof are annexed, the defendant or his attorney shall have oyer of the original, if he demand it, before he shall be required to file his answer or plea. The writ and petition being filed, a copy thereof shall be made in the French and English languages, (in cases where the mother tongue of the defendant is French) and, together with the original writ of process, be delivered to the marshal, who shall serve said copy on the defendant, by delivering the same to him personally, or by leaving it at his usual place of abode, ten days before the day of return mentioned in the writ, allowing one day in addition for every twenty miles the defendant may reside from New Orleans. The writ or process shall run in the words which have hitherto been adopted in this court. The marshal shall, whenever any writ or process shall have been served, indorse on the same the time of service and its distance from the city, if the same be made out of the limits thereof.
 'Rule 3. The answer or defence of the defendant shall be signed by him or his attorney, and filed with the clerk in the English and French languages, (if the mother tongue of the plaintiff be French) on or before the first day of each term; and if no defence or answer shall be filed, nor time given for answer, the court shall, at the first day of sitting thereafter, on the application of plaintiff, cause judgment by default to be entered against the defendant, which if not set aside within three days thereafter, the court shall, if required, enter up final judgment against the defendant; if the demand be liquidated by a note, bond, contract, or former judgment, and if the sum demanded be uncertain, the court shall proceed to hear testimony, assess the damages, and render final judgment for the sum so assessed.
 'Rule 4. The answer shall contain nothing impertinent or irrelevant; but the defendant shall be required to plead all such matter of law and fact in the same answer as he may think proper to rely on, conformably to the rules of practice adopted by the first judicial court of the state of Louisiana, prior to the adoption of the 'Code of Practice;' and in all cases where matters of law and matters of fact are pleaded in the same answer, the pleas on points of law submitted to the court, shall be argued and determined before the issues of fact shall be submitted to the jury.
 'Rule 5. The clerk shall keep a docket in which all cases that are at issue shall be entered in the following order. 1. Causes in which both issues to the court and to the country are made up. 2. United States causes of a general nature, and criminal prosecutions. 3. Jury causes, other than those of the United States. 4. Court causes, or suits to be tried by the court alone. 5. All admiralty causes, (the United States admiralty causes having precedence on the list). And in setting the causes for trial they shall be called in the order thus prescribed.
 'Rule 6. All causes at issue, whether in point of law or fact, shall be called on the second day of each term at the meeting of the court, and set down for trial. In all cases in which pleas both to the court and country are made, the pleas involving matters of law, or issues submitted to the court alone, shall be first tried; and such of them as may be directed to be tried on the issues of fact, shall be immediately transferred to the jury docket, to be tried on the merits during the same term, in the discretion of the court. In all cases in which dilatory or declinatory pleas or exceptions to form are made and overruled, the party making such plea or pleas, or exceptions, shall pay to the plaintiff all costs of suits up to the time of their being decided against him; and when a plea is made to the jurisdiction of the court, involving the question of citizenship of a party, it shall be tried by a jury, and if the verdict sustains the jurisdiction, all costs shall be paid to the plaintiff, and the cause shall be immediately tried by the same jury on its merits, at the option of the plaintiff, if by the pleading it be a jury cause, if not it shall be forthwith submitted to the court for decision.
 'Rule 7. If it be the intention of a party to take an issue on the fact, he must expressly pray for a jury, otherwise the cause shall be wholly tried by the court, (except cases where the law itself requires a jury) and shall be put in the fourth class of cases on the docket.
 'Rule 8. When a jury is about to be sworn in a cause, each party may peremptorily set aside three of them, but no more, except for a legal cause.
 'Rule 9. The clerk shall enter no cause on the docket until the pleadings are fully made up, nor shall any cause be entered thereon except by the clerk or his deputy.
 'Rule 14. In all rules to show cause, the party called upon shall begin and end his case; and on special matters, either springing out of a cause at issue or otherwise, the actor or party submitting a point to the court, shall in like manner begin and close: and so shall a defendant who admits the plaintiff's case and takes upon himself the burden of the proof, have the like privilege.
 'Rule 15. In all cases of affirmance of judgment on writs of error from judgments pronounced in this court, a rule may be taken on the principal and his sureties in the appeal bond, returnable ten days after recording the mandate of the supreme court, to show cause why execution should not issue againt them; and, no cause being shown, judgment shall be entered against them and the principal, and execution issue accordingly.
 'Rule 16. Upon the return of an award or umpirage, a three day rule shall be served upon the party or his attorney, against whom the award or umpirage may be, and should the same be confirmed by the court, judgment shall thereupon be entered and execution issue in the same manner as if judgment had been obtained on verdict.
 'Rule 17. Every motion made for any rule or order shall be submitted to the court in writing, by the counsel who makes it, and if granted by the court, shall be delivered to the clerk to be entered on the minutes.
 'Rule 18. Not more than two counsel shall be permitted to argue on the same side of a cause, without leave of the court.
 'Rule 19. All applications for new trials shall be made within three days after the verdict of the jury, or judgment of the court (as the case may be); and, if no such application be made, or being made, shall be overruled, judgment shall be signed, and execution issue if required.
 'Rule 20. Counsellors and attorneys licensed by the supreme court of this state, may be admitted as such in this court; but no attorney in fact shall be permitted to appear as an attorney at law, to prosecute or defend any suit.
 'Rule 21. After the argument of a cause upon matters of law, submitted to the court, a statement in writing of the points relied upon, and a note of the authorities cited, may be required of the counsel on both sides, by the court, before giving judgment thereon.
 'Rule 22. In all cases where a sum certain is sworn to be due from defendant to plaintiff, special bail shall be ordered; and in all other cases, affidavit being made of the facts, the judge, (or in his absence the clerk) shall order the defendant to be
 held to bail, in such sum as he may think just; but no attorney at law shall be received as special bail.
 'Rule 23. The marshal shall not be bound to serve any subpaena on a witness on the day on which the cause is set for trial, wherein such witness is required, unless specially directed to do so by the court.
 'Rule 24. It shall be the duty of the marshal to summon juries according to law, to serve at each stated term of the court, and he, or his deputy, shall serve a written summons on each juror, expressing the day, hour and place, at which he is to appear, and also whether he is to serve as a grand or a petit juror.
 'Rule 25. To all the writs of venire, issued for summoning jurors, the marshal or his deputy shall make a return upon oath, written at length, before the clerk of the court, and in the said return shall make one class of those who were summoned personally, a second class of those for whom summonses were left at their houses, and a third class of those who could not be found.
 'Rule 26. The clerk shall keep a book, in which shall be entered the names of all persons who shall be summoned as jurors, and on every call of the names, shall note opposite each name the presence or absence of the juror; or, if any juror, once empannelled, shall refuse or neglect to attend punctually every morning on the call of the pannel, unless previously excused by the court, he shall be cited to show cause why he should not be fined for his default; and if he show no sufficient cause, he shall be fined, or otherwise punished, according to law.
 'Rule 27. All moneys paid into the court of the United States, or received by the officers thereof, in causes pending therein, shall be immediately (that is, the day after that on which they shall be received) deposited in the Branch Bank of the United States, in the name and to the credit of said court; and at each stated session of the court, the clerk thereof shall present an account to the court of all moneys remaining therein, subject to the order thereof, stating particularly on account of what causes said moneys are deposited, which account, with the vouchers thereof, shall be filed in court.
 'Rule 28. All notes and obligations, and the gross amount of moneys arising from the sale of property, in pursuance of any order or decree of this court, shall be paid into court by the marshal, to be deposited in the Branch Bank; and an account of sales of such property, so disposed of, shall be filed in court at the same time; and in the cases mentioned in this and the preceding rule, the costs and charges of the suit shall be taxed and first paid out of the moneys in court.
 'Rule 29. Money deposited in court pending a suit, shall not be delivered on bond to any party or person.'
 'GENERAL RULES OF PRACTICE IN ADMIRALTY.
 'Rule 1. The material facts in a libel (except in case of a libel for seamen's wages, or where the United States are libellants) must be sworn to by the libellant, his agent or attorney, before an order for admiralty process shall issue, and every claim must be sworn to in the like manner, before filing the same.
 'Rule 2. When the process is in rem, and a party is also personally cited, the citation shall be made returnable at the same time with the warrant, to wit, in fourteen days: and when the proceeding is altogether in personam, the process shall likewise be returnable in fourteen days.
 'Rule 3. In all cases of seizure and prosecution of any ship or vessel, goods, wares and merchandize, when the claimant may bond of right under the 89th section of the act of 2d March 1799, 'to regulate the collection of duties on imports and ton
 nage,' and in all other cases where the district attorney is consenting to such bonding, the same may be done in the manner directed by the said section, the district attorney naming the appraisers and approving the security.
 'Rule 4. The clerk, or in his absence, the deputy clerk, be and he is hereby appointed, a commissioner, before whom appraisers of ships or vessels, or goods, wares and merchandize, seized for breaches of any law of the United States, may be sworn or affirmed.
 'Rule 5. Appraisers, acting under the orders of the court, shall be severally entitled to receive five dollars in each case wherein they may make an appraisement, to be paid by the party at whose instance the appraisement shall be made.
 'Rule 6. All appraisements and bonds taken in pursuance thereof, shall be copied at length in a book to be kept for that purpose, and the originals filed in court.
 'Rule 7. No vessel or merchandize, in the custody of the marshal, shall be released upon bond, until the costs and charges of the officers of the court (so far as the same may have accrued) shall be paid by the party giving bond.
 'Rule 8. When property is in the hands of the marshal, he shall be authorized, from time to time, on motion to that effect, to sell so much of the same at public auction, after notice, as may be necessary to defray the costs and charges incident to the keeping of the same.
 'Rule 9. Moneys paid into court shall not be paid out in pursuance of any decree of the same, upon which an appeal may be had, until ten days (exclusive of Sundays) shall have elapsed after such decree shall have been made, and when an appeal shall be entered, the appellant shall, within ten days, exclusive of Sundays, from the time of making the decree, give security for damages and costs, and if security shall not be given, within that time, the decree may be executed as if there had no appeal been prayed for.
 'Rule 10. In proceedings touching seamen's wages, when a party is cited to show cause against the issuing of admiralty process, oath must be made of the service of such citation, in case the party cited does not appear, except the citation has been returned, and served by the marshal, or his deputy.
 'Rule 11. No claim shall be filed after the expiration of monition, or return day of the warrant, without the leave of the court, or by consent of the parties libellant, in writing, and put on file.
 'Rule 12. In all cases in which the United States are libellants, the clerk is authorized to issue admiralty process without an order from the judge.
 'ADDITIONAL RULES.
 '20th March 1830.
 '1. No denial of the allegation of citizenship made in a petition, nor any dilatory exception or plea in abatement involving matters of fact, shall be allowed, unless verified by affidavit filed therewith by the counsel, agent or party, as to their belief of the truth thereof.
 '14th June 1830.
 '2. The testimony of witnesses given at the bar, shall not be reduced to writing by the clerk of the court, or any other person in trials at law, as contradistinguished from admiralty and equity causes.
 '3. Facts shall not be submitted to a jury in order to obtain a special verdict in any cause, except by the consent of parties entered on record.
 '4. No verbal agreements or arrangements of parties, or their counsel, touching any cause depending in this court, shall be deemed of any validity, or noticed in any way by the court.
 '28th May 1831.
 'It is ordered, that the twelfth rule of the rules of this court relating to suits at
 law, be so amended as to allow plaintiffs in all cases to take out commissions to examine withnesses after the return of service of process; the plaintiff serving the defendant with a copy of his interrogatories, as heretofore required: and when defendant resides in the country, he shall be allowed, in addition to the time now prescribed, one day for every twenty miles distance he may reside from the city of New Orleans, to file cross-interrogatories; commissions on the part of defendant shall issue only after issue joined, and in conformity with the previous practice of this court.