## KEARNEY *v.* CASE.

1. A paper, found in the record, purporting to be a statement of facts agreed to by the parties, and filed with the clerk after the writ of error is issued, or after the case is disposed of by the Circuit Court, cannot be noticed here on writ of error though both parties consent.

2. Prior to the act of March 3d, 1865, parties to an action at law could submit the issues of fact to be tried by the court without a jury, but they were bound by the judgment of the court, and could not have a review on error of any ruling of the court on such trial.

3. To enable parties to have such a review and to enable them to make a valid agreement to waive a jury the act above-mentioned was passed, which for that purpose required the waiver to be in writing and filed with the clerk.

4. There can, under this act, be no review of the ruling of the court in such cases, unless the record shows that such an agreement was signed and filed with the clerk.

5. But the existence of such a writing may be shown in this court: 1st, by a copy of the agreement; or 2d, by a statement in the finding of facts by the court that it was executed; or 3d, by such statement in the record

entry of the judgment; or 4th, by such statement in the bill of exceptions.

6. Unless it appears that such an agreement was filed, the judgment must be affirmed, unless error appear in other parts òf the record than the finding of facts and judgment of the court thereon.

7. Parties may still waive a jury as they could before the act of 1865, without filing a written stipulation,. but in such case no error can be considered in the action of the court on such trial; but the judgment will be held valid unless other errors are apparent in the record.

8. Parties will be presumed in this court to have waived their ·right to a trial by jury of issues of fact, whenever it appears that they were present at the trial in person ·or by counsel, and made no demand for á jury.

9. But unless it appears that they were so present, or otherwise gave consent, it is error, for which the judgment must be reversed, to try such issues in actions at law without a jury.

ERROR to the Circuit Court for the District of Louisiana; the case being this :

The act of Congress of March 3d, 1865, after presenting in its first two sections the manner in which grand and petit jurors are to. be selected and impanelled in criminal cases, proceeds in its fourth thus to enact:

" Issues of fact in civil cases in any Circuit Court of the United States, may be tried and determined by the court without the intervention of a jury, whenever the parties or attorneys of record *file a stipulation in writing with the clerk of the court waiving a jury.*"

It then goes on in the same section :

"The finding of the court upon the facts, which finding may be either general or special, shall have the same effect as the verdict of a jury. The rulings of the court in the cause, in the progress of the trial, when excepted to at the time, may be reviewed by the Supreme Court of the United States upon a writ of error or upon appeal, provided the rulings be duly presented by a bill of exceptions. When the finding is special, the review may also extend to the determination of the sufficiency of the facts to support the judgment."

This statute being in force, Case, on the 13th September, 1868, as receiver of the First National Bank of New Orleans,

brought suit against Kearney on two promissory notes owned by the bank.

Without any agreement in writing filed to have the case tried under the above-quoted act of Congress, or any agreement in writing at all, so far as the transcript of the record showed, a trial was afterwards had *by the court*, which rendered judgments against the defendant on the 12th of January, 1869.

Though, as above-mentioned, no agreement to submit in writing appeared or was inferable, the record of the judgment showed that counsel were present on both sides when the trial was had. It ran thus:

"December 7th, 1868. This cause came up for trial—J. D. Rouse and Elmore and King, for plaintiff; J. G. L. Bright and Bradford, Lea, and Finney, for defendants—when, after hearing the pleadings, evidence, and argument, the court considering the same, it is ordered, adjudged, and decreed that Charles Case do recover, &c., &c."

A writ of error was applied for and obtained by the defendant, on the 28th of January, 1869, and filed on the same day; a citation being issued and served on that day.

On the *6th of November*, 1869, a paper bearing date the 19th of October, 1869, and signed by the plaintiff, and by the counsel of the defendant, was filed in the court below, which contained an agreement by them that the statement of facts set forth therein should be "the statement of facts for the writ of error returnable to the Supreme Court of the United States." There was no bill of exceptions.

On the transcript of such a record the case came here. The question now was what the court should do on such a record.

*Mr. T. J. Durant, for the plaintiff in error*—considering that the recorded presence of the counsel showed an agreement to waive a jury, and was tantamount or superior to a copy of an agreement in writing, filed with the clerk, such as the act of Congress of March 3d, 1865, contemplated but did not exact

as absolute condition for a trial by the court, and that a case for review was sufficiently made by the paper agreed on and signed by the two parties, and filed of record—argued the case upon its merits; arguing afterwards that if the court should be of opinion that on such a record the merits could not be gone into, then, still, and certainly, the judgment ought not to be affirmed; but ought rather to be reversed; for if the absence of an agreement to waive a jury was sufficient to prevent a review, it was equally sufficient to show that the court had acted unconstitutionally in trying without consent of parties or their counsel the issue itself.

But if not reversed it ought to be remanded for a new trial. The statement was indeed agreed on by counsel, and was not a "finding" by the court. But it fell within *Insurance Company* v. *Tweed*.* There counsel for both parties in *this* court had agreed to certain parts of the opinion of the court below, as containing the material facts of the case, and to treat them as facts found by that court though not so found. That agreement of counsel was held as good as a finding under the act of March 3d, 1865. So the statement here was filed after the judgment. But in this point it was saved by *Flanders* v. *Tweed*;† for there the statement of the judge had not been filed till three months after the judgment. But the case being (as is this one) from Louisiana, where the civil law practice prevails, and the parties having meant to put the case in form for review, and having believed that it was so put in form, the court did not affirm the judgment, but sent the case back for a new trial.

*Mr. B. H. Bristow*, Solicitor-General, *contra:*

The statement of facts was not filed until many months after the issue and filing of the writ, and cannot be regarded as part of the record, or as anything on which error can be assigned.‡ *Flanders* v. *Tweed* was a special case, and almost in terms declared not to be a precedent. And the statement there was the judge's.

---

* 7 Wallace, 44.    † 9 Id. 426.    ‡ Avendaro *v.* Gay, 8 Wallace, 376.

Besides, in *Norris* v. *Jackson*,* this court laid down the following rules as the result of an examination by it of the fourth section of the act of 1865, in reference to cases where issues of fact are submitted to the court:

"1. If the verdict of the court be a general verdict, only such rulings of the court, *in the progress of the trial*, can be reviewed as are presented by bill of exceptions, or as may arise on the pleadings.

"2. In such cases, a bill of exceptions cannot be used to bring up the whole testimony for review any more than in a trial by jury.

"3. That if the parties desire a review of the law involved in the case, they must either get the court to find a special verdict, which raises the legal propositions, or they must present to the court their propositions of law, and require the court to rule on them.

"4. That objection to the admission or exclusion of evidence, or to such ruling on the propositions of law as the party may ask, must appear by bill of exceptions."

Here the court found no special verdict, nor does the statement which was filed after judgment even purport to have been submitted to the court, or to set forth the facts upon which its judgment was founded. In the latter respect, more especially, is the case under consideration clearly distinguishable from *Insurance Company* v. *Tweed*, where certain parts of the opinion of the court below, which appeared in the record, having been agreed to by the parties as containing the material facts of the case, were treated here as facts found by the court.

As there is no question of law open to re-examination here, there being no bill of exceptions nor anything upon which error can be assigned, the judgment must be presumed to be right, and on that ground should be affirmed.†

In this view, it is thought unimportant to argue merits.

---

* 9 Wallace, 125.    † James v. Bank, 7 Wallace, 692.

Mr. Justice MILLER delivered the opinion of the court.

No question arises on the process or pleadings; there is no bill of exceptions, and the plaintiff in error relies on what purports to be a statement of facts in the case to show the error of which he complains. That statement is signed by the defendant in error and by the counsel for the plaintiff; and does not profess to be facts found by the judge. The writ of error had been sued out nine months before this paper was signed and filed with the clerk.

It needs no argument to show that this court cannot look into such a paper as part of the record, nor make it the foundation of revising the judgment, though both parties consent to it. The case here must be tried on the rulings of the court below on what was before it, and this must appear by the record; and if the facts are to be considered they must appear by bill of exceptions, or by an agreed statement submitted to the court for its judgment, or by the finding of the court under the statute. It cannot be permitted for the parties, by consent to make up a case for this court after it has passed from the control of the court below. The case of *Insurance Company* v. *Tweed* is not a parallel case. There the statement, such as it was, was made by the judge, and on it he founded his judgment. It was made and filed at the time the judgment was rendered, and, although defective in many respects, there was sufficient in it to present the legal propositions, if the confused character of the paper was waived. This the counsel here desired to do, and the court permitted. We are all of opinion, therefore, that the paper called a statement of facts must be disregarded.

But what judgment must follow? If the transcript of the record contained the written agreement of the parties submitting the case to the court, as provided by the act of March 3d, 1865, we should have no difficulty in affirming the judgment. But not only is there no such paper found, but there is no statement anywhere in the record that the parties did agree, either in writing or otherwise, to submit the case to the court.

The Judiciary Act of 1789, § 12, declares that the trial of issues in fact in the Circuit Courts shall, in all suits, except those of equity and of admiralty and maritime jurisdiction, be by jury. This provision and that found in the seventh amendment of the Constitution, adopted after the Judiciary Act, namely, "that in suits at law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," constituted the only legislative rule for the Federal courts, except in Louisiana, until the act of 1865. Undoubtedly both the Judiciary Act and the amendment to the Constitution secured the *right* to either party in a suit at common law to a trial by jury, and we are also of opinion that the statute of 1789 intended to point out this as the mode of trial in issues of fact in such cases. Numerous decisions, however, had settled that this right to a jury trial might be waived by the parties, and that the judgment of the court in such cases should be valid.* Notwithstanding, however, the number of cases in which the waiver of this right is mentioned, and either expressly or tacitly held to be no objection to the judgment, it is remarkable that so little is said as to the mode in which this waiver shall be made to appear. In most of the cases it is somewhere in the record stated affirmatively that the parties did waive a jury, or did consent to the trial by the court without a jury. In the case of *Bank of Columbia* v. *Okely*,† the court held that there was an implied waiver of this right when the defendant made his note negotiable at the Bank of Columbia, there being in the charter of that bank a provision authorizing the collection of such debts by a summary proceeding, which did not admit of a jury trial. In *Hiriart* v. *Ballon*,‡ where a summary judgment was rendered against a surety in an appeal bond, it was held that the defendant, by be-

---

* Bank of Columbia *v.* Okely, 4 Wheaton, 235; Hiriart *v.* Ballon, 9 Peters, 156; Parsons *v.* Armor, 3 Id. 425; United States *v.* Rathbone, 2 Paine, 578; Guild v. Frontin, 18 Howard, 135; Suydam *v.* Williamson, 20 Id. 427; Kelsey *v.* Forsyth, 21 Id. 85; Campbell *v.* Boyreau, 21 Id. 223; Burr *v.* Des Moines Co , 1 Wallace, 102.

† 4 Wheaton, 235.                    ‡ 9 Peters, 156.

coming surety in a court whose rules provided for such summary judgment, had waived his right to a trial by jury. It seems, therefore, that both by express agreement in open court, and by implied consent, the right to a jury trial could be waived.* But as was shown in the recent case of *Flanders* v. *Tweed*,† this court had held that no review of the decision of the court below could be had of any ruling at the trial where the parties had consented to accept the court, instead of a jury to decide issues of facts.

In this state of the law the act of 1865 was passed. The first two sections are devoted to prescribing the manner in which grand and petit juries shall be selected and impanelled in criminal trials. The fourth section enacts that issues of fact in civil cases, in any Circuit Court of the United States, may be tried and determined by the court without the intervention of a jury, whenever the parties or their attorneys of record, file a stipulation in writing with *the clerk* of the court waiving a jury. It then proceeds to prescribe the mode of finding the facts, and the effect to be given to such finding, and provides for a review of the case by this court. The manner in which the record is to be prepared for this and the extent of the inquiry in this court are specifically pointed out.

The question arises on this statute whether this mode of submitting a case to the court without a jury was intended to be exclusive of all other modes, so that if there is no stipulation in writing waiving a jury, there is error, for which the judgment must be reversed. Although the language of the section might admit of that construction, it is not the only one of which it is susceptible. As stated in the case already referred to, of *Flanders* v. *Tweed*, the main purpose of the act undoubtedly was to enable the parties who were willing to waive a jury to have the case reviewed on writ of error when tried by the court alone. This was rendered necessary, as shown by Mr. Justice Nelson in the opinion in that case, by the former decisions, based on the

---

* See Phillips *v.* Preston, 5 Howard, 290.          † 9 Wallace, 425.

idea that in such cases the court did not sit as a court of law, but as *quasi* arbitrators.   To remove this difficulty, the statute provided a mode by which the parties who agreed to waive a jury should have the benefit of a writ of error to the rulings of the court on questions of law.   The language of the section is that the stipulation may be *filed with the clerk of the court*, which is undoubtedly designed to enable the parties to make agreements in vacation; and it is required to be in writing, to prevent either party demanding a jury unexpectedly at the trial.   In those courts where juries are called from a great distance and detained at a heavy sacrifice, the courts usually give jury trials the preference.   The benefit, therefore, of an announcement by which the number of these trials is diminished, and the case placed in an attitude to be taken up at the convenience of the court and the parties is obvious.   We cannot believe that Congress intended to say that the parties shall not, as heretofore, submit their cases to the court unless they do so by a written stipulation, but that it was the intention to enact that if parties who consent to waive a jury desire to secure the right to a review in the Supreme Court of any question of law arising in the trial, they must first file their written stipulation, and must then ask the court to make a finding of such facts as they deem essential to the review, and ask the ruling of the court on points to which they wish to except.   If this is not done the parties consenting to waive a jury stand as they did before the statute, concluded by the judgment of the court on all matters submitted to it.   This we understand to be the effect of the opinion in *Flanders* v. *Tweed.*

But, although a written stipulation in the Circuit Court is essential to a review in this court, is the presence of the agreement or its copy in the transcript sent here indispensable?   A copy of it should come up, as observed by Mr. Justice Nelson, and that is the more appropriate evidence of compliance with the statute.   Still we are not prepared to say that if it shall affirmatively appear in any other part of the record proper, that such a writing was made by the

parties, that it will not be sufficient here. If, for instance, it is stated in the finding of facts by the court, or in the bill of exceptions, or in the record of the judgment entry, that such a stipulation was made in writing, the record would show that the condition in which a review is allowed existed, and we would not feel at liberty to contradict the record in this respect. In a case where there is no evidence that it was submitted in writing under the statute, but the record shows affirmatively that the parties waived a jury, we hold such evidence of waiver to be sufficient to support the judgment, but not sufficient to authorize a review of the rulings of the court at the trial. But the record before us contains no statement that the parties agreed in writing to submit the case to the court, nor any express statement that they waived a jury at all. The language of the judgment is that

"This cause came up for trial; J. D. Rouse and Elmer and King for plaintiffs; G. L. Bright and Bradford, Lea, and Finney, for defendants; when, after hearing the pleadings, evidence, and argument, the court considering the same, it is ordered, adjudged, and decreed," &c.

Is this court at liberty to infer from the entry a waiver of the right to a jury trial? When we consider the cases already cited, in which such a waiver has been implied, and that the right to have a jury when a party demands it is so universally known and respected, we think that it is almost a necessary inference, where a party is present by counsel and goes to trial before the court without objection or exception, he has voluntarily waived his right to a jury, and must be held in this court to the legal consequences of such a waiver.* But we are not prepared to go further.

If the state of the pleadings presents issues of fact to be tried, and there is nothing to show that the party complaining of the error was present by himself or counsel at the trial, and no jury was called, we think it is error for the

---

* Phillips *v* Preston, 5 Howard, 290.

court to try those issues without a jury, because there can be no presumption that the party has waived his legal and constitutional right to have a jury.

The record before us presents, in the light of these views, a case where the parties consented to waive a jury, but did not take the steps necessary to secure the right to a review of the findings of the court as provided by statute.

There is, therefore, no error of which we can take cognizance, and the judgment of the Circuit Court is

AFFIRMED.