BROCK et al. v. FULLER LUMBER CO.

(Circuit Court of Appeals, First Circuit. February 12, 1907.)

No. 659.

1. WRIT OF ERROR—PROCESS—AMENDMENT.

A writ issued out of the federal court described plaintiff's citizenship, but omitted to state the citizenship of either of the three defendants. Defendants moved to dismiss for want of jurisdiction because of this omission, whereupon plaintiff asked leave to amend the writ by inserting after the description of the "plaintiffs" the words "citizens and residents of." This motion was allowed, all parties treating the word "plaintiffs" as intended for "defendants," after which defendants, who were represented by the same counsel, filed a special plea denying that one of them was a citizen of Massachusetts, which plea was heard and overruled. *Held*, that the error in the motion to amend was unsubstantial, and that plaintiff, as

defendant in error, was entitled to correct the record by substituting the word "defendants" for "plaintiffs."

2. JURY—RIGHT TO JURY TRIAL—WAIVER.

A written stipulation is not essential to a waiver of a jury to assess damages on a bond after default, under Rev. St. § 961 [U. S. Comp. St. 1901, p. 699], declaring that, when the sum for which judgment shall be rendered in such suit is uncertain, it shall, if either party request it, be assessed by a jury.

3. SAME—PROCEEDINGS—REQUEST FOR JURY—TIME.

Plaintiff sued on a contractor's bond to secure performance of a written contract. On the trial, defendants' attorney stated that defendants might be defaulted, but that he "would like to be heard on the question of damages," and immediately thereafter suggested that the case be sent to an auditor. This was agreed to, and, though a jury was then present, an auditor was appointed, and no request was made for a jury trial at any time during the term, nor until four months after default, and after defendants had learned that the auditor's report was unfavorable, when they applied for an assessment of damages by a jury, as authorized by Rev. St. § 961 [U. S. Comp. St. 1901, p. 699]. *Held*, that the finding of the Circuit Court that the request for a jury trial was too late should not be disturbed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, §§ 163½, 164.

Right to trial by jury in federal court, see note to O'Connell v. Reed, 5 C. C. A. 603; Vany v. Peirce, 26 C. C. A. 528.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Thomas Hunt (Gaston, Snow & Saltonstall, on the brief), for plaintiffs in error.

Charles F. Choate, Jr. (Frederick H. Nash and Choate, Hall & Stewart, on the brief), for defendant in error.

Before COLT, Circuit Judge, and BROWN and HALE, District Judges.

BROWN, District Judge. This is a writ of error to review the rulings of the Circuit Court in an action on a bond given to secure the performance of a written contract. The plaintiffs in error (defendants in the Circuit Court) contend that the Circuit Court erred (1) in denying their motion to dismiss for lack of jurisdiction, and (2) in denying their claim for a jury trial on the question of damages.

The writ properly described the plaintiff as the Fuller Lumber Company, a corporation duly organized under the laws of New Hampshire, and a citizen of New Hampshire, but omitted to state the citizenship of either of the three defendants. Upon this omission the defendants based a motion to dismiss for want of jurisdiction. The plaintiff then filed a motion to amend its writ. In this motion it asked that the writ be amended by inserting after the description of the "plaintiffs" the words "citizens and residents of." The use of the word "plaintiffs" was obviously a mere slip of the pen. The plaintiff was already properly described; and the use in the motion of the plural in "plaintiffs," and in "citizens and residents of," shows clearly that it was intended to amend, not as to the single plaintiff, whose citizenship was already properly alleged, but as to the several parties defendant. There is no

153 F.—18

doubt that, in overruling the motion to dismiss, and in granting the motion to amend, it was assumed by the court that the amendment related to the parties defendant. This slip of the pen apparently was noticed neither by the court nor by counsel on either side. The defendants were all represented by the same counsel, who, upon the overruling of the motion to dismiss and the granting of the motion to amend, filed a special plea in behalf of one of the defendants denying that he was a citizen of Massachusetts, which plea was heard and overruled. The error is so obvious, and it is so clear that the error was overlooked by every one in the Circuit Court, that we cannot regard this point as substantial. The motion of the defendant in error to correct the record by inserting, instead of the word "plaintiffs," the word "defendants," is granted.

The principal question in the case is whether the Circuit Court erred in denying a jury trial upon the question of damages. The bill of exceptions states the facts as follows:

"The defendants filed, by way of answer, a general denial. The case was then placed upon the list of actions for trial by jury. When the case was called for trial before Aldrich, J., counsel for plaintiff arose and said he was ready for trial. Counsel for defendant stated to the court that as far as the liability in the case was concerned he would agree that the defendant might be defaulted, but that he would like to be heard on the question of damages. The defendants were thereupon defaulted.

"Immediately afterwards, counsel for defendant addressed the court on this question, and suggested to the court that this case appealed to him as a proper case to send to an auditor. The court then said that he thought it was a proper case for an auditor, and asked counsel to agree upon an auditor."

Subsequently there was filed the following agreement, signed by counsel for both parties:

"It is agreed that Irving McD. Garfield, of Boston, may be appointed auditor in this cause."

A rule to auditor was entered December 1, 1904, in the following terms:

"And now, to wit, December 1, 1904, by agreement of parties, it is ordered by the court that Irving McD. Garfield, Esq., be and hereby is appointed auditor in the above-named action, to hear the parties and examine their vouchers and evidence and to state the accounts and make report thereof to the court."

The case was heard only upon the question of damages by the auditor, who, on March 24, 1905, filed his report. March 29, 1905, a motion was filed by the plaintiff that the report be confirmed, and that execution issue for the penal sum named in the bond. March 30, 1905, the defendants claimed in writing a trial by jury upon the question of damages. March 31, 1905, the defendants moved to recommit the report of the auditor for errors of law. April 15, 1905, the defendants filed exceptions to the report of the auditor, and on the same day filed the following motion for trial by a jury:

"And now come the defendants in the above-entitled action and move and request that the sum for which judgment shall be rendered herein be assessed by a jury in accordance with the provisions of section 961 of the Revised Statutes [U. S. Comp. St. 1901, p. 699]."

The case was heard by the court upon exceptions to the auditor's report, and the motion for trial by jury. The motion for a jury trial was denied, and exception duly taken. March, 28, 1906, judgment was entered for the plaintiff for the penal sum named in the bond.

The plaintiffs in error base their claim to a jury trial upon section 961 of the Revised Statutes [U. S. Comp. St. 1901, p. 699]:

"In all suits brought to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, where the forfeiture, breach, or non-performance appears by the default or confession of the defendant, or upon demurrer, the court shall render judgment for the plaintiff to recover so much as is due according to equity. And when the sum for which judgment should be rendered is uncertain, it shall, if either of the parties request it, be assessed by a jury."

Upon the default of the defendants, it became the duty of the court to render judgment for so much as was due according to equity. Juries were then sitting, but the defendants did not request a jury trial. In Aurora City v. West, 7 Wall. 82, 104, 19 L. Ed. 42, it is said:

"But if the sum for which judgment should be rendered is certain, as where the suit is upon a bill of exchange or promissory note, the computation may be made by the court, or, what is more usual, by the clerk; and the same course may be pursued even when the sum for which judgment should be rendered is uncertain, if neither party request the court to call a jury for that purpose. Common-law rules were substantially the same, except that 'the court themselves might, in a large class of cases, if they pleased, assess the damages, and thereupon give final judgment.' "

The defendants' request for an auditor was not preceded by a request for a jury trial. The case stood for trial by the court on the question of damages, unless affirmative action should be taken by the defendants to procure a jury trial. The defendants' counsel did not state that the auditor was desired to prepare the case for jury trial. We think that the court was entitled to assume that the appointment of an auditor was requested, and was agreed upon simply as a convenient step in the assessment of damages by the court. The statement of defendants' counsel, "that he would like to be heard on the question of damages," certainly conveyed no indication of a desire for a jury trial. On the contrary, we think it might well have been understood by the court to indicate a desire to be heard by the court.

It is contended by the plaintiffs in error that the right to a jury trial upon the question of liability, by express provision of Rev. St. §§ 648, 649 [U. S. Comp. St. 1901, p. 525], can be waived only by stipulation in writing; and that there is no possible reason why the rule as to the question of damages should be different. This is contrary to the decision of the Supreme Court in Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395, in which it was held that parties may waive a jury trial without filing a written stipulation, and by implied consent, though in such case no error can be considered in the action of the court on such trial. It was said (page 283 of 12 Wall. [20 L. Ed. 395]):

"In those courts where juries are called from a great distance and detained at a heavy sacrifice, the courts usually give jury trials the preference. The benefit, therefore, of an announcement by which the number of these trials is diminished and the case placed in an attitude to be taken up at the conven-

ience of the court and the parties is obvious. We cannot believe that Congress intended to say that the parties shall not, as heretofore, submit their cases to the court unless they do so by a written stipulation, but that it was the intention to enact that if parties who consent to waive a jury desire to secure the right to a review in the Supreme Court of any question of law arising in the trial, they must first file their written stipulation," etc.

The case stood for trial by a jury upon the question of damages, as well as upon the question of liability. The defendants, previous to the date fixed for trial, had taken no steps to procure an auditor for the purposes of a jury trial. Had a request been made to take the case from the jury, or for a continuance, on the ground that the case was of such a nature as to require the services of an auditor to put it in shape for a jury trial, the court might well have refused such a request on the ground that it had not been made seasonably. Had the plaintiff been informed that it was then the intention of the defendants to claim a jury trial on the question of damages, it might well have resisted the motion for the appointment of an auditor, and have insisted that, if a jury trial was to be had, it should be before the jury then present for the trial of the case which the plaintiff was ready to try. As a practical matter, we think that if the defendants desired both a hearing before an auditor and a trial before a jury on the question of damages they should have stated that desire seasonably; and that, failing to state that desire, and, on the contrary, stating merely a desire to be heard, both the court and opposing counsel were entitled to assume that the request for an auditor was made by the defendants not to prepare for a jury trial, but to prepare the case in the most convenient way for its disposal by the court.

Counsel for the plaintiffs in error contends that a reference to an auditor contemplates a regular trial in the future. We think that this may be conceded; also that his report is only prima facie evidence to be used upon a subsequent trial before the court or jury. Stone v. Sargent, 129 Mass. 503, 512. He relies, also, upon Fenno v. Primrose, 119 Fed. 801, 56 C. C. A. 313, a decision of this court, to support the proposition that an auditor is an officer appointed to prepare the case for a jury. He argues, therefore, that a reference to an auditor cannot be inconsistent with or a substitute for a jury trial. The case of Fenno v. Primrose did not decide, however, that an auditor can be appointed only for the purpose of preparing a case for a jury trial. Reference to an auditor may serve the convenience of counsel, and may be regarded by counsel quite as desirable when the case is ultimately to be decided by the court as when it is ultimately to be decided by a jury. As certain kinds of questions can be more conveniently tried to the court than to a jury, so certain questions may be more conveniently tried before an auditor than before the court. Counsel familiar with the practice in equity before a master, whereby the evidence may be fully prepared for final hearing by the court, may desire to secure in a law trial the same advantage. We are of the opinion that the request for an auditor cannot be regarded as in any way indicating a desire for a jury trial.

It was not until after the plaintiffs in error were apprised of the auditor's findings, and not until after a motion had been made for a

confirmation of the auditor's report and for the issue of execution, that they indicated any desire for a jury trial. Default was made November 28, 1904. Four months elapsed before the making of a claim for a jury trial. Had the auditor's report been satisfactory to the defendants, we think they might well have contended that a claim at that time by the plaintiff for a jury trial would have been too late, and we think that no act of the defendants which preceded their claim for a jury trial gave them any greater right than the plaintiff. The default was at the November term, 1904. No claim for a jury trial was made during that term. It is well settled, as we have seen, that parties may waive a jury trial without stipulation in writing by submitting the case to the court for hearing, even when the right to a jury trial is secured to them by statute without affirmative request. In this case the defendants' right to a jury trial was conditional upon their expressly claiming it. Where a party suffers a case to stand for the assessment of damages by the court for so long a period as four months, during which the court has taken steps towards the assessment of damages, we think it is within the discretion of the trial court to decide that the request for a jury trial is too late.

Though the statute itself fixes no limit of time within which a request for a jury trial must be made under section 961, it does not follow that the time is unlimited. In Re Grant (D. C.) 143 Fed. 661, it was held that the right of review or appeal for which the statute fixes no time limit is, nevertheless, not unlimited, but requires of a person seeking a review the duty of proceeding with some degree of diligence, and the failure to so proceed must be construed as an abandonment of the appeal. We do not decide, of course, that a request for an auditor is in itself a waiver of jury trial; nor do we decide that the mere failure to request a jury trial before asking for an auditor is necessarily a waiver of jury trial, for it is undoubtedly true that the appointment of an auditor is in itself not more suggestive of the final assessment of damages by the court than by the jury. But we do decide that the request for a jury trial under section 961 must be made seasonably, and cannot be delayed indefinitely, and that parties should not be permitted by their action to make a practical abandonment of a claim for a jury trial, and, after an unfavorable result before an auditor, base a request for a jury trial upon an afterthought. The learned judge who heard the case in the Circuit Court found that a jury trial had not been seasonably requested. He had before him all the facts as shown by the record, among them the following: The case came on for a jury trial without any previous request by the defendants for an auditor to prepare for that trial; the jury was present for the trial of the question of damages as well as that of liability, yet no request was then made for a jury trial; the request for an auditor was preceded by no intimation that a jury trial was desired, or that the auditor was desired to prepare the case for a jury, counsel stating merely that he "would like to be heard on the question of damages"; no request was made for a jury trial at any time during the term at which default was made, nor until four months after dedefault, and after the defendants had learned that the auditor's report was unfavorable and had cause to be apprehensive that judgment

might speedily follow against them. Considering all the circumstances shown by the record, we are of the opinion that it cannot be said that the finding that a jury trial was not seasonably requested was erroneous.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.