(125 N. W. 558.)

---

GEORGE HILBISH AND JOHN SHAW, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF HILBISH & SHAW AS "THE SEVEN BAR MEAT MARKET." V. SAM ASADA, DOING BUSINESS UNDER THE STYLE OF "THE CITY RESTAURANT."

Opinion filed March 3, 1910.

**Attachment—Affidavit—Clerical Error.**

1. An affidavit for attachment, in reciting the statutory ground of nonresidence, etc., contained the word " plaintiff" instead of "defendant." *Held,* a manifest clerical error, not constituting ground for dissolving such attachment.

**Attachment—Affidavit—Clerical Error.**

2. Such irregularity constitutes a mere trivial defect, and should be disregarded pursuant to section 6886, Rev. Codes 1905.

**Attachment—Clerical Error—Complaint Aid to Affidavit.**

3. The verified complaint, which was filed with the affidavit for attachment, contained an allegation to the effect that defendant was a nonresident of the state, and had absconded therefrom, and it was proper to resort to such complaint in aid of the affidavit. By an examination of such complaint, as well as the context of the affidavit itself, it is obvious that the use of the word "plaintiff" instead of "defendant" was a mere oversight, in no manner prejudicial.

**Attachment—Defects Curable by Amendment—Intervener Cannot Attack.**

> 4. Such irregularity or defect, being curable by amendment, could not be urged by an intervener, even conceding that it might be successfully urged by the defendant in the attachment suit.

Appeal from District Court, Williams county; *Goss*, J.

Action by George Hilbish and another against Sam Asada, in which Fred Southard intervenes. From an order dissolving an attachment, plaintiffs appeal.

Reversed.

*Bessie & Greer*, for appellants.

*William Maloney*, for respondent Southard.

FISK, J. This is an appeal from an order of the district court of Williams county made on June 18, 1908, dissolving an attachment. Such order was made on motion of one Southard, an alleged intervener, who claimed the right to move for the dissolution of such attachment by reason of his having acquired a subsequent lien by chattel mortgage upon the property attached. We shall not concern ourselves with the question raised by appellants' counsel as to Southard's right to intervene for the purpose of making such motion, as we are clearly convinced that the order appealed from was erroneous, and must be reversed in any event.

The sole ground urged for the dissolution of such attachment was that the affidavit for attachment stated "that the plaintiff is not a resident of the county of Williams nor the state of North Dakota, but has absconded therefrom and keeps himself concealed, and that his present place of residence and address are unknown to this affiant, but that he has personal property within the county of Williams and state of North Dakota," etc. The sole objection to the affidavit was, and is, that the word "plaintiff" is used instead of the word "defendant." It is claimed that this is a fatal jurisdictional defect, and the trial court sustained such contention. We are unable to concur in such conclusion. It is perfectly apparent from an inspection of the affidavit that this was merely a clerical error. The context of the affidavit conclusively discloses this to be true. As disclosed by the above quotation, the singular number instead of the plural is used, whereas the title of the action discloses that there are two plaintiffs and a single defendant. Not only this, but the whole

context of the affidavit unmistakeably demonstrates that the use of the word "plaintiff" instead of "defendant" was a mere trivial and clerical error. As said by the Circuit Court of Appeals in Brock v. Fuller Lumber Co., 153 Fed. 272, 82 C. C. A. 402: "The use of the word 'plaintiffs' was obviously a mere slip of the pen. The plaintiff was already properly described; and the use in the motion of the plural in 'plaintiff' and in 'citizens and residents of' shows clearly that it was intended to amend, not as to the single plaintiff, whose citizenship was already properly alleged, but as to the several parties defendant. * * * · The error is so obvious * * * that we cannot regard this point as substantial." To hold this sufficient for dissolving the attachment is placing form above substance. 1 Shinn on Att. 152, says: "Clerical errors which cannot mislead, because of ·the context clearly showing what was intended, will be immaterial and ineffective on a motion to quash." By section 6886, Rev. Codes 1905, the Legislature has said that: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not effect the substantial rights of the adverse party. * * *." We think this section is applicable to the facts of this case, and that no amendment of the affidavit was even necessary. If an amendment was deemed necessary, ample authority therefor is found in section 6883, which provides for correcting, by amendment, a mistake in the name of a party, or a mistake in any other respect. The error being clearly curable by amendment, the rule seems to be established that Southard, not being a party to the action, could not take advantage of the error. The alleged intervener is in no more advantageous position than a junior attachment creditor.

In Sannoner v. Jacobson & Co., 47 Ark. 31, 14 S. W. 458, the general rule relating to the right of an intervener to move to dissolve an attachment for irregularities in the attachment proceedings is correctly stated as follows: "An examination of the authorities shows that it is an almost universal rule, where the statutes permit a second attacher to intervene in the suit of the first, to confine the scope of his inquiry to such matters as might be inquired into in a collateral attack upon the attachment proceedings in the same or a different court. The intervener is treated as a stranger to the attachment proceeding, as much so as though he had gone into a court of equity to attack the proceeding upon some established equitable

principle. It is only a matter of convenience that he is let into the suit of the first attacher. As Mr. Freeman appropriately says: 'Every litigant, if an adult, is presumed to understand his own interests, and to be fully competent to protect them in the courts. He has the right to waive all irregularities in proceedings by which he is affected, and is entitled to exclusively decide upon the propriety of such waiver. To allow disinterested third persons to interpose in his behalf and to undertake the management of his business, according to their judgment, would create intolerable confusion and annoyance and produce no desirable result.' " Freeman on Judgments 91. Following this general principle, the authorities, with common consent, assert that one attaching creditor, unless specially authorized by statute, cannot intervene in the suit of another to defeat it for irregularities in the proceedings against the attaching debtor. Drake on Att. 262, 273, et seq; Waples on Att. 486, 487, and cases cited.

The case of Lowenstein v. Monroe, 52 Iowa 231, 3 N. W. 51, is one in which the verification of the grounds of attachment, having been made on belief only, was amended against the protests of an intervener, and this, by the vast preponderance of authority, is the rule whenever any defect complained of is regarded as an irregularity merely. See, also, Scrivener v. Dietz, 68 Cal. 1, 8 Pac. 609, where, among other things, the court said: "Admittedly this irregularity in the affidavit constituted good ground for a motion by the attachment debtor to dissolve the attachment, and if such a motion had been made by him to the court in which the action was pending it would have been the duty of the court to have dissolved the attachment. But neither the regularity of the affidavit, nor the validity of the attachment issued upon it, was questioned by the debtor; he, therefore, waived whatever irregularities existed in either, and, as against him at least, the attachment was valid and operative. So that its execution, if according to law, operated to create a provisional lien upon the property on which it was levied, in favor of the attaching creditors; and, as this lien, upon the recovery of a judgment in the action transit in rem judicatam, is merged in the judgment, the attachment proceedings are not attackable collaterally for an infirmity in the affidavit. Notwithstanding the infirmity, the attachment was not void; it was only voidable at the instance of the attachment defendant, and could

not be assailed collaterally by a stranger." To the same effect, see Harvey v. Foster, 64 Cal. 296, 30 Pac. 849.

In conclusion, it is entirely clear that this alleged intervener could not urge as a reason for dissolving the attachment the error or irregularity mentioned; furthermore, and as a conclusive answer to respondent's contention, it should be noted that the verified complaint in the action, which was filed at the same time the affidavit for attachment was filed in the clerk's office, contains the following allegations: "That defendant is not a resident of the state of North Dakota, but has absconded therefrom and conceals himself, his whereabouts being wholly unknown to plaintiff, plaintiff being wholly unable to locate him after making due and diligent search, but that defendant has property within the county of Williams and state of North Dakota." That such verified complaint may be resorted to in aid of the attachment affidavit, is, we think, elementary. In the light of these facts we have no hesitancy in reaching the conclusion that the irregularity aforesaid should have been disregarded, and that the order appealed from was therefore reversible error.

Order reversed. All concur.