## CRAVEN v. CLARK.

(Circuit Court, D. Massachusetts. February 6, 1911.)

JURY (§ 31*)—ACTION AT LAW—APPOINTMENT OF AUDITOR.

In an action in a federal court at law to recover damages alleged to have been suffered by mill machinery held by the defendant under an attachment, involving numerous complicated items of damage, the court was authorized to appoint an auditor to state an account to be used at a jury trial; the admission of the report in evidence not being a violation of the parties' constitutional right to trial by jury.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 31.*]

Action by Michael Craven against Embury P. Clark. On objections to the appointment of an auditor. Overruled.

Samuel W. Emery, for complainant.
Christopher T. Callahan and Hurlburt, Jones & Cabot, for defendant.

LOWELL, Circuit Judge. The plaintiff brought an action at common law against the defendant, a deputy sheriff, to recover damages suffered by mill machinery which was held by the defendant under attachment. The declaration alleged that the defendant had not suitably cared for the property attached. While the case was awaiting jury trial, the defendant moved for the appointment of an auditor. After having conferred with counsel on both sides at several times, and having given the matter long and careful consideration, I am of the opinion, and find as a fact, that the items of alleged damage are so numerous and so complicated that a jury cannot profitably or prop-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erly deal with the issues presented, except after a preliminary examination by an auditor. The plaintiff objects to the auditor's appointment, and contends that this court has no authority to appoint one, except with the consent of the parties. The logical result of his contention goes much further. He urges that a preliminary trial before an auditor, even with the consent of both parties, is a substitute for a trial before a jury or before a court in the nature of an arbitration, which cannot be joined to either of the last-mentioned modes of trial, so as to give to the unsuccessful party therein his writ of error. In other words, he contends that a jury trial which follows upon an auditor's report is an erroneous proceeding, inasmuch as the auditor's report is not admissible in evidence at a jury trial under the statutes of the United States. Hence it follows, according to the logic of his argument, that a jury trial at which an auditor's report is admitted in evidence is not a jury trial within the federal Constitution. In support of his contention that an auditor's report cannot be used at a jury trial, not being admissible evidence under the provisions of the federal Constitution and statutes, the plaintiff refers to Swift v. Jones, 145 Fed. 489, 76 C. C. A. 253; Howe Machine Co. v. Edwards, Fed. Cas. No. 6,784; Sulzer v. Watson (C. C.) 39 Fed. 414; Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395. The plaintiff's contention comes to this: That every trial which has been had in this court in which an auditor's report has been admitted in evidence, whether with the consent of both parties or without, has been an irregular and an illegal proceeding.

The practice of appointing an auditor as preliminary to a jury trial is so well established in this circuit that a single judge cannot properly reverse it. Fenno v. Primrose, 119 Fed. 801, 56 C. C. A. 313; Brock v. Fuller Lumber Co., 153 Fed. 272, 82 C. C. A. 402; Corporation of St. Anthony v. Houlihan, 184 Fed. 252 (decision handed down December 13, 1910). Moreover, I am of the opinion that, without authority in the court to appoint an auditor in a case like that at bar, jury trials would lose their efficiency, and come into contempt by the needless bewilderment of jurymen. If ultimate convenience and the interests of justice are to be taken into account in the interpretation of the federal statutes and of the federal Constitution, I am of opinion that in this case the evidence of that convenience and of that justice is overwhelming.

Ordered that an auditor be appointed.